GEORGE W. STACKS V. JAMES C. CRAWFORD ET AL.

FILED JANUARY 22, 1902. No. 10,046.

1. **Parish Court of Louisiana:** JURISDICTION: COLLATERAL ATTACK: PETITION: ALLEGATIONS. The order of a parish court of Louisiana, having jurisdiction to settle successions, will not be held void, when attacked collaterally, on the ground that the petition for administration does not allege that administration is necessary to pay debts, or that the succession is vacant, when the petition shows the death of the intestate within the parish, his intestacy, the possession of property, and that the same is under $500 in value.

2. **U. S. District Court:** TRANSCRIPT: EVIDENCE: JOURNAL: SIGNATURE OF JUDGE. The transcript of the proceedings and judgment of the United States district court, duly certified, is competent in evidence, although it fails to show that the presiding judge signed the journal record of the proceedings.

ERROR from the district court for Knox county. Tried below before ROBINSON, J. *Affirmed.*

*William F. Norris* and *Charles Kamanski,* for plaintiff in error.

*James C. Crawford, Anderson & Keefe* and *Woolworth & McHugh, contra.*

SEDGWICK, J.

This is an action in ejectment begun in the district court of Knox county. The petition and answer are in the usual form. By stipulation of the parties, the cause was tried by the court without a jury. It resulted in findings and judgment for the plaintiffs, and the defendant has brought the case here upon petition in error.

It is not contended that the defendant below, plaintiff in error, has title to the land in question, but it is insisted that plaintiffs have not shown title in themselves upon which they can maintain an action in ejectment. To establish their title the plaintiffs introduced in evidence a patent from the United States, dated July 1, 1873, which re-

cited provisions of the act of congress of June 2, 1858 (U. S. Statutes at Large, Vol. 11, p. 294), and that pursuant to said act the surveyor general of the United States, for the district of Louisiana, issued his certificate of location in full satisfaction of the unlocated and unsatisfied claim of John Barklay, entered in the record of Cosby and Skipwith, and confirmed by act of congress, and that it appeared that by the certificate there had been duly located the land described therein, being a part of the land in controversy, in part satisfaction of said claim of John Barklay, and in consideration of the premises, and in conformity with said act of congress, the United States granted said land to said John Barklay or his legal representatives. Another patent of the same tenor, covering the remainder of the said land in question, was also put in evidence. They also offered in evidence a duly certified transcript of the record of the proceedings of the parish court of the parish of Washington, Louisiana, in the matter of the succession of John Barklay, deceased, from which it appeared that the land claim of Barklay was sold under the order of that court, and conveyed by administrator's deed to one James L. Bradford, from whom plaintiffs derived title by mesne conveyances, which were in evidence.

It is contended by plaintiff in error that the deed from the administrator to Bradford is void, because the petition for administration is not sufficient to give the parish court jurisdiction of the succession. The defects in the petition principally relied upon are that it contains no allegation that administration was necessary to pay debts or that the succession was vacant. The case of *Simmons v. Saul,* 138 U. S., 439, 11 Sup. Ct. Rep., 369, is relied upon by defendants in error. That case is very similar to the one at bar. The opinion delivered by Mr. Justice Lamar is exhaustive, and its conclusions in regard to the force and effect of proceedings in the settlement of successions in the parish courts of Louisiana, and the faith and credit to be given in the courts of other states to the decrees entered in such proceedings, are clear and comprehensive. It has been fol-

lowed in a recent well considered opinion of the supreme court of Wisconsin, although to do so that court found it necessary to overrule one of its former decisions. *Bradley v. Dells Lumber Co.*, 105 Wis., 245, 81 N. W. Rep., 394. In *Simmons v. Saul, supra,* the petition for administration filed in the parish court in Louisiana was in most respects similar to the one in discussion here. It recited that "Robert M. Simmons departed this life in said parish many years since, * * * leaving some property consisting of an old, deferred, unlocated, purchase, land claim," and that the same was less than $500 in value, and prayed for an inventory, appraisement and sale to pay debts, etc.; and it is insisted by plaintiff in error that it differed from the petition relied upon in the case at bar, in that the former alleged "that administration was necessary to pay debts, and that the succession was vacant," while, "in the case at bar, there is no mention of debts, and the heirs are simply ignored, and their rights disregarded." We can not find any merit in this criticism. The substance of the petition criticised is "that John Barklay died in said parish many years since, intestate, and leaving property within this parish; that the succession of said deceased has not been opened in this state; that there being no party willing to administer upon said succession and the same being under five hundred dollars in value, it is necessary that petitioner should administer the same, there being no public administrator." In *Simmons v. Saul, supra,* it is said (p. 451): "The court, therefore, had before it in the petition, the death of Simmons within the parish, his intestacy, the possession of property, and the smallness of the estate. The order granting letters of administration was a judicial determination of the existence of all those facts. * * * It is our opinion that the parish court of Washington parish had a clear and unquestionable jurisdiction of the intestate estate or succession of Robert M. Simmons." The Civil Code of Louisiana, 1870, provided: "If a succession is so small or is so much in debt that no one will accept the curatorship of it," the judge

Stacks v. Crawford.

shall appoint a curator, etc.    Art. 1190.*    The petition
shows that the estate was small—less than $500—and
that there was no party willing to administer upon it.    The
allegation, then, that administration was necessary to pay
debts does not appear to be jurisdictional.    And again the
code provides that "a succession is called vacant when no
one claims it."    Art. 1095.†    And the petition shows that
John Barklay died "many years since" and that the suc-
cession had not been opened, there being no party willing
to administer it.    This was sufficient allegation that the
succession was vacant, if such express allegation was neces-
sary to give the court jurisdiction.

The administrator's return of the sale does not show to
whom the land was sold, nor the amount paid therefor;
the blanks in the return for that purpose not having been
filled.    It is complained in the petition in error that this
return was for that reason improperly received in evidence.
On the same day that the return was made the adminis-
trator executed a deed whereby he transferred the land
claim against the United States, No. 80, belonging to the
succession of John Barklay, deceased, to James L. Brad-
ford.    This deed of transfer refers specifically to the pro-
ceedings of the parish court by which he was authorized to
make the same, and is duly certified by the proper officers
to be a part of the proceedings.    More than a month after-
wards the final account of the administrator, in which he
accounted for the proceeds of this sale, was, by order of the
court, approved, and the administrator discharged.    It
seems clear that one who is not interested in the succession
can not now insist that this return of sale is void and in-
competent in evidence.    It is plainly within the principles
announced in *Simmons v. Saul, supra.*

All the specific assignments of error relied upon in this
court relate to the sufficiency of the proceedings in the
parish court of Louisiana, except the eighteenth and nine-
teenth.    Upon these assignments it is insisted that a tran-

*Saunders' edition, 1889, p. 242.
†Idem, p. 224.

script of the proceedings of the district court of the United States is not competent in evidence, unless the transcript shows that the presiding judge signed the journal record of the proceedings. But this is not the law. *Fouts v. Mann,* 15 Nebr., 172; *Scott v. Rohman,* 43 Nebr., 618.

The judgment of the district court is

AFFIRMED.