W. A. GORDON V. STATE OF NEBRASKA.

FILED FEBRUARY 9, 1905.    No. 13,821.

Contempt. A court of record may not punish, as for a criminal contempt, summarily, without formal accusation or complaint, and without affording the accused a reasonable time to prepare his defense, except in those cases in which the judge is, while in exercise of his office, an actual witness of the alleged contemptuous conduct, or, at least, of a substantial part thereof, so that he is not compelled to inform himself concerning it and of the circumstances of its commission by the testimony of witnesses.

ERROR to the district court for Douglas county: EDMUND M. BARTLETT, JUDGE. *Reversed and dismissed.*

*C. E. Herring* and *B. F. Thomas,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown,* contra.

AMES, C.

A suit in which the plaintiff in error was defendant was in progress of trial in the district court. The hearing of evidence had been concluded, the jury had retired to de-

liberate upon their verdict, and the judge had left the bench and gone into another room, when the defendant assaulted the plaintiff's attorney in the court room. There had been no formal intermission of the session, and the judge, hearing of the incident, returned to the bench, examined witnesses concerning the occurrence, and rendered a judgment punishing the defendant by fine and imprisonment. The defendant objected and excepted because no formal information or accusation was made and filed against him, and because he was given no opportunity to prepare a defense. Thus arises the sole question presented by this petition in error.

The code enacts that every court of record shall have power to punish, as for criminal contempt, various descriptions of conduct including that of which the defendant was found guilty; and section 670 is as follows: "Contempts committed in the presence of the court may be punished summarily; in other cases, the party, upon being brought before the court, shall be notified of the accusation against him, and have a reasonable time to make his defense." We think the latter clause of this section has reference to all cases in which the judge is not, while in the exercise of his office, an actual witness of the alleged contemptuous conduct, or at least of a substantial part thereof, and in which he is, therefore, compelled to inform himself concerning it and of the circumstances of its commission by the testimony of witnesses. *Le Hane v. State,* 48 Neb. 105, and cases cited.

For this reason, we recommend that the judgment be reversed and this proceeding dismissed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment be reversed and this proceeding dismissed.

REVERSED AND DISMISSED.