OTTO ROSE, APPELLANT, V. AUGUST H. VOSBURG, APPELLEE.

FILED MARCH 1, 1922.    No. 21995.

Habeas Corpus. When on a habeas corpus proceeding the return to the writ shows relator to be in the custody of the officer against whom it is directed, and no fact appears which warrants a further restraint of respondent, it is the duty of the court to order his discharge.

APPEAL from the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Reversed, with directions.*

*John M. Berger* and *Gray & Brumbaugh,* for appellant.

*Abel V. Shotwell* and *Henry J. Beal, contra.*

Heard before MORRISSEY, C.J., ROSE and ALDRICH, JJ., RAPER and STEWART, District Judges.

MORRISSEY, C. J.

Relator brought habeas corpus proceedings in the district court for Douglas county, alleging that he was un-

lawfully restrained of his liberty by August H. Vosburg, chief probation officer for that county. By way of answer and return it is alleged by the probation officer: "That he now has the said Otto Rose in custody, and that his authority for holding the said Otto Rose is an order and sentence entered by the Honorable Willis G. Sears, judge of the juvenile division, district court, Douglas county, Nebraska, made on the 21st day of February, 1921, and entered in docket No. 11, page 148, which is in words and figures as follows: 'Defendant in court on apprehension under capias; judgment and sentence of court is commitment to State Industrial School at Kearney, and there committed' until 21 years of age, or otherwise disposed of according to law.

" 'The court further finds that since the 5th day of October, 1920, that said Otto Rose has absented and secreted himself from this court until the present time.' "

The court denied the relief prayed. Petitioner appeals and alleges that the court erred, because it affirmatively appears from the answer and return that appellant had not been charged with the commission of any crime or offense whatsoever.

Section 9263, Rev. St. 1913, provides that on proceedings in habeas corpus the person who makes the return, if he has the relator in his custody, or power, or under restraint, "shall set forth at large the authority and the true and whole cause of such imprisonment and restraint, with a copy of the writ, warrant, or other process, if any, upon which the party is detained."

No copy of any complaint charging relator with the violation of any law is set out in the return, nor does the return show that the court found plaintiff guilty of any crime, or that his age, conduct or condition of life brought him within the class of persons subject to commitment to the industrial school. Indeed, the return fails to contain any allegation, or disclose any fact, which warrants respondent in restraining relator of his liberty. It has been held from time immemorial that,

where a party is unlawfully restrained of his liberty the writ of habeas corpus is his appropriate remedy.   The judgment is reversed and the cause remanded, with directions to discharge relator.

REVERSED.