NATHAN FINEGOLD v. STATE OF NEBRASKA.

FILED APRIL 30, 1924.    No. 23895.

Contempt: PROOF. In absence of a formal complaint of any kind, a mere finding by the court that a party to a civil action is "guilty of contempt of court in connection with perjury committed during the trial" thereof will not sustain a sentence of imprisonment

Finegold v. State.

for contempt, the facts connecting him with the perjury or con-
stituting the contempt not being stated.

ERROR to the district court for Douglas county: CARROLL
O. STAUFFER, JUDGE. *Reversed.*

*Richard S. Horton,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman,*
*contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and GOOD, JJ.,
BLACKLEDGE and REDICK, District Judges.

ROSE, J.

In the district court for Douglas county, Nathan Finegold
was found guilty of contempt of court and for that offense
was sentenced to serve a term of eight months in the coun-
ty jail. As plaintiff in error he has presented his sentence
for review.

The conviction cannot be approved. There was no formal
complaint accusing Finegold of a violation of the criminal
law or of contempt. He was brought into court by a ca-
pias. The judgment recites that he was brought before the
bar "to answer for contempt of court in connection with
perjury committed during the trial of this cause"—a civil
action in which he was the plaintiff; that he was found guil-
ty of "contempt of court in connection with perjury com-
mitted during the trial of this cause"—the civil case men-
tioned; that he was "arraigned for sentence" and informed
of the finding of guilty. He was not arraigned under any
criminal charge. He was first found guilty and afterward
"arraigned for sentence." Neither the capias nor the find-
ings of the court recite that Finegold himself committed
perjury in the civil action. The record goes no further
than to state the conclusion that he was "guilty of con-
tempt of court in connection with perjury committed dur-
ing the trial" of the civil case. What that "connection"
was or what specific act was contemptuous is nowhere
stated.

To sustain the conviction the attorney general invokes the statutory power of a court to inflict punishment for a "wilful attempt to obstruct the proceedings, or hinder the due administration of justice," in pending litigation, or to punish summarily contempts committed in the presence of the court. Comp. St. 1922, secs. 9189, 9190. The record does not show an exercise of judicial power under these provisions. There is no charge or finding that Finegold wilfully attempted to obstruct the civil proceedings or to hinder the due administration of justice. "Contempt of court in connection with perjury committed during the trial" of the civil case is the only attempt anywhere in the record to state or define any unlawful or contemptuous act. The judgment itself shows that the conviction was not based on what the presiding judge observed in the presence of the court. It recites that evidence was adduced and considered in determining the question of guilt. The record, therefore, is fatally defective and the action taken will not support the sentence imposed. If Finegold was not subject to summary punishment, 'a written complaint and an opportunity to make a defense were necessary to a conviction for contempt. If he was guilty of contempt in the presence of the court, his conviction should state the conduct constituting the contempt. In neither respect is there a compliance with the law. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.

Note—See Contempt, 13 C. J. p. 63, sec. 87 (1925 Ann.).