MARGARITO GONZALEZ v. STATE OF NEBRASKA.

FILED OCTOBER 3, 1929. No. 27038.

*Dale P. Stough* and *Sanden, Anderson & Gradwohl,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *George W. Ayres, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY, JJ., and REDICK and RYAN, District Judges.

RYAN, District Judge.

Margarito Gonzalez was found guilty of contempt of court in the district court for Lancaster county, and was sentenced to serve a term of thirty days in the county jail for that offense, and he brings the proceedings to this court for review upon petition in error.

The plaintiff in error was the plaintiff in an action brought in the district court for Lancaster county against the Chicago, Burlington & Quincy Railroad Company for damages. At the beginning of the trial of that suit an interpreter was requested for the plaintiff. There followed a discussion and inquiry as to the necessity for an interpreter, and the plaintiff in error was questioned at some length by the court as to his ability to speak and understand the English language. At the conclusion of this examination the court granted the request and an interpreter was sworn and the case proceeded.

At the close of the plaintiff's testimony the court directed a verdict for the defendant, and then proceeded to call several witnesses and examined them at length as to the plaintiff's ability to speak and understand the English language. At the conclusion of the examination the court entered this finding:

"Immediately upon disposal of causes of actions as above set forth, the court made full and complete examination of plaintiff and other witnesses upon the question of whether the plaintiff should not be held in contempt, in that he has deceived the court on his ability to understand English, both by hearing and understanding and also speaking the English language. On conclusion of such hearing the court held said Gonzalez in contempt of court and committed to jail for a period of thirty days."

Then follows the formal judgment and sentence for contempt. No other proceedings were had. No formal complaint was filed, accusing Gonzalez of any specific crime or of contempt. He was cited before the court immediately at the conclusion of the proceedings in the civil action, and all that is recited anywhere in the record is the mere conclusion that "he has deceived the court on his ability to understand English, both by hearing and understanding and also speaking the English language."

The law on the subject of contempt of court has been well settled by the previous decisions of this court and other courts in this country, and, after a careful consideration of the decisions of this court and others, we are convinced that the conviction cannot be sustained. *Beckett v. State,* 49 Neb. 210; *Crites v. State,* 74 Neb. 687; *O'Chander v. State,* 46 Neb. 10; *Wilcox v. State,* 46 Neb. 402; *People v. Stone,* 181 Ill. App. 475; *Riley v. Wallace,* 188 Ky. 471; *Ex parte Hudgings,* 249 U. S. 378; *Finegold v. State,* 112 Neb. 64.

The attorney general invokes the statutory power of a court to inflict punishment for a "wilful attempt to obstruct the proceedings, or hinder the due administration of justice," in an attempt to sustain the conviction. Comp. St. 1922, secs. 9189, 9190. But the record fails to show that the court acted or attempted to act under the authority contained in these provisions. Nowhere throughout the several pages of the proceedings does the expression appear, and in the record made on the motion to vacate the sentence there is no reference to any "attempt to obstruct the pro-

ceedings, or hinder the due administration of justice." The judgment of the court does not find that the defendant has attempted to "obstruct the proceedings, or hinder the due administration of justice," but states a mere conclusion of the court.

The record discloses that the trial court did not make the finding or impose the sentence as the result of facts of which it had judicial cognizance. The recitation is made that a "full and complete examination of the plaintiff and other witnesses" was had, and it was upon the evidence thus adduced and considered that the court determined the plaintiff in error was guilty of contempt of court.

In commenting upon a similar state of facts in a recent case this court said: "The record, therefore, is fatally defective and the action taken will not support the sentence imposed. If Finegold was not subject to summary punishment, a written complaint and an opportunity to make a defense were necessary to a conviction for contempt. If he was guilty of contempt in the presence of the court, his conviction should state the conduct constituting the contempt. In neither respect is there a compliance with the law." *Finegold v. State,* 112 Neb. 64.

The conviction cannot be sustained, and the judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED.