## H. B. Muffly v. State of Nebraska.

Filed June 28, 1935. No. 29521.

Beghtol, Foe & Rankin, Chambers & Holland, Lester L. Dunn, H. B. Evnen, Leonard A. Flansburg, Foster & Baird, Bernard S. Gradwohl, Richard O. Johnson, Sterling F. Mutz, Frank A. Peterson, Peterson & Devoe and Robert S. Stauffer, for plaintiff in error.

William H. Wright, Attorney General, and George W. Ayres, contra.

Heard before Goss, C. J., Rose, Good, Eberly, Day and Paine, JJ.

Rose, J.

In a civil action in the district court for Clay county, the state of Nebraska, plaintiff, sued Adolph Eckhardt, defendant, on claims for unpaid gasoline taxes in the sum of $1,027.32. Eckhardt resided in Clay county, and his attorney, H. B. Muffly, who had entered his appearance for defendant, resided in Lincoln. Muffly withdrew his appearance pursuant to instructions from his client and was not present in the district court for Clay county when the case was called for trial. A judgment by default against Eckhardt in favor of the state for $933.97 was introduced by the following recitals and order:

"On this 3d day of December, 1934, the same being one of the days of the adjourned session of the September, 1934, term of the district court within and for Clay county, Nebraska, this case came on for hearing and at 10 o'clock a. m. was called for trial pursuant to assignment of cases made November 26, 1934, and the defendant or his attorney, H. B. Muffly, failing to appear and Mr. Muffly having without notice or leave of court filed a withdrawal herein this date, stating therein it was pursuant to telephone conversation of December 2d with the defendant, this case is temporarily withdrawn from the trial list and held for further order, and Mr. Muffly is assessed $25 in this case to be paid to the clerk forthwith."

Viewing this order as a punishment for contempt of court, Muffly prosecuted a proceeding in error to the supreme court, assailing the assessment of $25, payable forthwith, as erroneous and void, because imposed when he was not present in court, without any accusation in any form or notice or trial or evidence or any opportunity to be heard in defense.

Procedure in imposing punishment for contempt is definitely pointed out by statute as follows:

"Contempts committed in the presence of the court may be punished summarily; in other cases the party upon being brought before the court, shall be notified of the accusation against him, and have a reasonable time to make his defense." Comp. St. 1929, sec. 20-2122.

The order of the district court assessing the fine of $25 shows on its face that Muffly was not "in the presence of the court" at the time. The record as a whole discloses the same fact. There could therefore be no valid imposition of a fine or assessment for contempt without an accusation in some form, notice and an opportunity for a defense. This imperative requirement of statute has been scrupulously observed as shown by uniform rulings of the supreme court. *Gandy v. State*, 13 Neb. 445; *Ludden v. State*, 31 Neb. 429; *Hawthorne v. State*, 45 Neb. 871; *Beckett v. State*, 49 Neb. 210; *Herdman v. State*, 54 Neb. 626;

*Finegold v. State,* 112 Neb. 64; *Gonzalez v. State,* 119 Neb. 13.

In the civil action Muffly was not a party. There was no civil pleading therein stating that he owed the state or any individual $25 or any other sum. There was no indictment or complaint or information or affidavit accusing him of contempt. He had no notice of a proceeding in contempt. No one testified against him. He was absent and had no time or opportunity to make a defense. The assessment was erroneous and void on its face. There was no trial and a motion by Muffly for a new trial under the circumstances was unnecessary for the purposes of review. *Crites v. State,* 74 Neb. 687.

The assessment is therefore reversed and the contempt proceeding resulting in such punishment is dismissed at the cost of the state of Nebraska.

REVERSED AND CONTEMPT PROCEEDING DISMISSED.