IN RE APPLICATION OF WILLIAM NIKLAUS FOR WRIT OF HABEAS CORPUS.
WILLIAM NIKLAUS, APPELLANT, V. MYLES HOLLOWAY, SHERIFF, APPELLEE.
13 N. W. 2d 655

FILED MARCH 24, 1944. No. 31698.

504

*Herbert W. Baird,* for appellant.

*Max G. Towle, Farley Young, Walter R. Johnson,* Attorney General, *H. Emerson Kokjer* and *Rush C. Clarke,* contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER and WENKE, JJ.

YEAGER, J.

This is an appeal by William Niklaus, relator, who will be hereinafter referred to as appellant, from an order of the district court for Lancaster county, Nebraska, denying a writ of habeas corpus for the release of appellant from the custody of Myles Holloway, sheriff of said county, respondent, who will be hereinafter referred to as appellee.

To the extent necessary to state them here and to the extent that they are made clear by the record the facts surrounding the matter in controversy are substantially as follows: On June 9, 1942, in an action in the district court entitled the Lincoln Joint Stock Land Bank v. Lafayette P. Barnes et al., wherein appellant, according to recitals of pleadings and orders appearing in the bill of exceptions herein, was a party defendant, an order was entered directing, among other things, John Doe, found to be Carl E. Lipe, tenant of certain real estate described in the order, to attorn to the receiver in the action all rents under the tenancy. The same order directed the defendants in the action to deliver up and surrender possession of the real estate to the receiver. It appears from recitals in exhibits that the receiver was one William Crane Condit.

Thereafter on July 23, 1942, in the said action of the Lincoln Joint Stock Land Bank v. Lafayette P. Barnes et al., William Crane Condit, describing himself as receiver, filed an application positively verified in which he declared that the said Carl E. Lipe had failed to attorn to the receiver the rents for the real estate and the defendant, William Niklaus, had failed and refused to deliver possession, but on the contrary had taken and removed 330 bales of hay, at least

2 loads of wheat, and that he had forcibly and violently taken possession of the rent share of crops on the real estate and converted the same to his own use.

As a part of the application there was motion for an order against Carl E. Lipe and appellant to show cause why they should not be proceeded against and punished for contempt. There was a prayer that the said Lipe and appel-, lant should on hearing be punished for contempt.

Pursuant to the application an order to show cause was issued out of the district court citing the said parties to appear and show cause why they should not be adjudged guilty of contempt of court.

To the order to show cause appellant filed a pleading denominated "Response to Order to Show Cause." The part of the response pertinent here is a denial that he was guilty of contempt of court and prayer that the complaint of William Crane Condit be dismissed.

A hearing was had on the application and response thereto and on July 27, 1942, appellant was found guilty of contempt of court and sentenced to serve a term of 30 days in the jail of Lancaster county, Nebraska. On the same day motion for new trial was filed and overruled. This judgment and the order overruling the motion for new trial were entered in the Journal as follows:

"Now on this day hearing is had on order citing William Niklaus and Carl E. Lipe to show cause why they should not be punished for contempt. Motions overruled. Evidence taken. Evidence completed and each party rests. Arguments made and matter submitted. Court finds that the action of Wm. Niklaus and Carl E. Lipe in refusing to deliver rental of wheat crop to receiver was contumacious and contemptuous, and William Niklaus sentenced to thirty days in Lancaster County Jail and to pay costs of this proceeding and to stand committed until the costs are paid.

"It is therefore considered, ordered and adjudged by the Court that the said defendant William Niklaus is guilty as he stands charged of contempt herein, and that he be confined in the County Jail of Lancaster County, Nebraska, for

a period of thirty (30) days, from this date, and pay costs of this proceeding, taxed at $——, for which execution is hereby awarded, and said defendant to stand committed until costs are paid.

"Sentence as to Carl E. Lipe is suspended and he may purge himself of contempt by delivering wheat rental now in elevator to the Receiver and account to the Receiver for crop rentals for balance of crop year.

"To all of which defendants except.

"This cause now comes on to be heard on motion of defendant William Niklaus to vacate the judgment guilty of contempt of court and grant said defendant a new trial, and is submitted to the Court, on due consideration whereof, the Court doth overrule said motion.

"Sentence suspended on defendant showing that he intends to prosecute error. Recognizance fixed at $200.00." This entry was not made in the Journal until about a week later. It was not signed by the judge who presided over the hearing.

On the day of the hearing the judge presiding made a minute of the hearing on the minute book or docket used for that purpose during proceedings in court. This minute is not set forth here for reasons which will appear later in this opinion.

From exhibit No. 1 in the bill of exceptions which is an order of the district court entered February 25, 1943, it appears that from the judgment finding appellant guilty of contempt of court he prosecuted error proceedings to this court which were dismissed and that on such dismissal mandate was issued to the district court. This appears by recital in the exhibit which is an order of judgment on the mandate and for confinement of appellant under the judgment and sentence of July 27, 1942, and not otherwise. Nowhere in this record except by this recital is this court advised either that there was an error proceeding, or that there was a dismissal thereof, or that mandate was issued out of this court.

Presumably mittimus was issued in accordance with the

order of February 25, 1943, although it appears nowhere in the record. Also presumably appellant was taken into custody, whereupon he filed his petition for writ of habeas corpus.

Hearing was had upon the petition and writ denied. From the order denying the writ of habeas corpus he has appealed to this court.

Numerous errors are assigned but only four are discussed in the brief of appellant. First he asserts that he has never been charged with the commission of any offense in Lancaster county, Nebraska.

There has been no attempt by any one connected with this record to say that appellant has been charged with the commission of any crime defined by the laws of the state. The charge is that he contemptuously and contumaciously refused to comply with the orders of the court in an action to which he was a party.

The order which it is claimed he violated is in the record, as is also the charged violation and the finding and judgment in relation thereto. The evidence to support it of course is not and could not be properly here since it is not permissible to substitute the writ of habeas corpus for appeal and error or make of it a writ of review. *In re Application of Maher, North v. Dorrance, ante,* p. 484, 13 N. W. 2d 653. See, also, *Hulbert v. Fenton,* 115 Neb. 818, 215 N. W. 104.

The only proper question for determination under this assignment is that of whether or not there is a charge of contempt of court invulnerable to an attack on the ground that it is void. *Michaelson v. Beemer,* 72 Neb. 761, 101 N. W. 1007; *Hulbert v. Fenton, supra; In re Carbino,* 117 Neb. 107, 219 N. W. 846; *Davis v. O'Grady,* 137 Neb. 708, 291 N. W. 82.

We are convinced that the charge here is not thus vulnerable. If the charge is thus vulnerable it must be found to be so on the ground either that there can be no legal recognition of the right of William Crane Condit to make presentation of the contempt or that in fact and in law the presentment contains no charge of contempt of court.

Taking these two questions in their reverse order we point out here the following from section 20-2121, Comp. St. 1929: "Every court of record shall have power to punish by fine and imprisonment, or by either, as for criminal contempt, persons guilty of any of the following acts: * * * Third. Wilful disobedience of or resistance wilfully offered to any lawful process or order of said court; Fourth. Any wilful attempt to obstruct the proceedings, or hinder the due administration of justice in any suit, proceedings, or process pending before the courts; * * * ."

The record here contains the order of the district court requiring appellant, defendant there, to deliver up possession of the real estate therein involved to the receiver. The application of the receiver shows that in violation of the order appellant interfered with the receiver's possession and removed crops from the real estate. The district court found that the interference was wilful, contemptuous and contumacious. It cannot then well be said that the action of the district court was void unless it be found that the manner of presentation of the violation of the order was insufficient to confer jurisdiction upon the court to act in the premises. Appellant so contends but the contention is without merit. The principal objection in this connection is that the receiver was not a proper party to inform against the appellant.

Section 20-2122, Comp. St. 1929, provides as follows: "Contempts committed in the presence of the court may be punished summarily; in other cases the party upon being brought before the court, shall be notified of the accusation against him, and have a reasonable time to make his defense."

It will be noted here that the only statutory requirement as to information where the contempt has been committed out of the presence of the court is that the accused shall be notified of the charge against him when brought before the court.

On the subject of the manner of instituting such contempt proceedings as this one, in *Maryott v. State*, 124 Neb.

274, 246 N. W. 343, it was said: "Where a party to an action fails to obey an order of the court, made for the benefit of the opposing party, the rule is well recognized that such act is, ordinarily, a mere civil contempt, and the rules applicable to a criminal contempt are not applicable. Where a civil contempt is charged, it may be by an affidavit by the party to the action who is injuriously affected. Procedure may be in the original action and need not be by information in the name of the state."

The only distinction between the situation there and here is that there the informant was a party to the action whereas here he was an officer of the court charged with the protection of the *res* of the litigation for the benefit of the parties. The same principle should be controlling in both cases. Moreover we do not think that in that case there was a purpose to limit the statutory method of presenting contempts but only to approve the method there employed.

The following from 13 C. J. 60, with regard to presentation of civil contempts, appears to meet the requirements of statute: "It has also been held that it is a matter of no importance who institutes the proceedings for contempt, since the alleged contemner is not prejudiced in his defense by the particular mode in which the facts are brought to the attention of the court."

This disposition of the first proposition argued disposes, adversely to appellant, of the second which is that "The relator has never been found guilty of the commission of any offense known to the law."

The third proposition is that the journal entry sentencing the appellant which has been quoted herein is not in fact the judgment of the court. Inferentially it is contended that the judge's minute which has been referred to but not quoted contains the judgment of the court if there is one. This contention may not be sustained.

The minute is not set forth for the reason that this court has consistently held that the judge's minutes may in no proper sense be regarded as the judgment or decree rendered by the court in the case, but are merely a memoran-

dum of the decision made by the trial judge upon his docket for the guidance of the clerk in entering the decree upon the journal. *Ward v. Urmson*, 40 Neb. 695, 59 N. W. 97; *Brown v. Ritner*, 41 Neb. 52, 59 N. W. 360; *Garneau v. Omaha Printing Co.*, 42 Neb. 847, 61 N. W. 100; *Ball v. Nelson*, 45 Neb. 205, 63 N. W. 361; *Ford v. State*, 46 Neb. 390, 64 N. W. 1082; *Maher v. State, ante*, p. 463, 13 N. W. 2d 641.

The journal entry was not signed by the judge and the validity of the judgment is attacked on this ground. The failure of a judge to sign the judgment does not have the effect of rendering the judgment invalid. *Fouts v. Mann*, 15 Neb. 172, 18 N. W. 64; *Colony v. Billingsley*, 2 Neb. (Unof.) 670, 89 N. W. 744; *Gallentine v. Cummings*, 4 Neb. (Unof.) 690, 96 N. W. 178.

The last proposition discussed in the brief is a claim that the return of the respondent shows no justification for the detention of appellant.

Section 29-2817, Comp. St. 1929, applicable here requires that the respondent in habeas corpus shall make a return and sets forth what shall be contained therein. It is the following: "If he has the party in his custody or power, or under restraint, he shall set forth at large the authority and the true and whole cause of such imprisonment and restraint, with a copy of the writ, warrant, or other process, if any, upon which the party is detained." This court in interpretation of this statutory provision has held that in the return to a writ of habeas corpus facts must appear which warrant restraint of the relator. *Rose v. Vosburg*, 107 Neb. 847, 187 N. W. 46. In *Chandler v. Sipes*, 103 Neb. 111, 170 N. W. 604, it was held that a warrant of arrest and detention in the hands of the officer executing it is *prima facie* evidence of the cause of detention.

In the action here there was a return showing a mittimus in the hands of the appellee, as respondent, issued by the clerk of the district court on a mandate of this court and the effect of which was to declare in full force and effect, and not appealed from, a judgment and sentence of the dis-

trict court. The mittimus as set forth in the return to the writ of habeas corpus, within the meaning of the statute and the decisions, contained *prima facie* evidence of the cause of detention of appellant, and the claim that the return was not sufficient cannot be sustained.

For the reasons herein set forth the judgment of the district court is affirmed.

AFFIRMED.