STATE OF NEBRASKA, APPELLEE, V. DIXIE A. LINN, APPELLANT.
526 N.W.2d 683

Filed January 10, 1995.    No. A-94-290.

Thomas J. Gaul, Deputy Hall County Public Defender, for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

SIEVERS, Chief Judge, and HANNON and MUES, Judges.

SIEVERS, Chief Judge.

Dixie A. Linn appeals from a district court order which affirmed her conviction for driving under the influence of alcohol, third offense. On appeal, Linn alleges that the State failed to prove a valid judgment for purposes of enhancement because one of the convictions used by the State was not signed

by the county court judge. We affirm for three separate reasons detailed hereinafter.

## FACTUAL SUMMARY

On December 12, 1993, Dixie A. Linn, who was represented by counsel, entered a guilty plea to the charge of driving under the influence of alcohol. The county court accepted Linn's plea, and an enhancement hearing was held that same day. At the outset of the enhancement hearing, the county court made the following statement to Linn:

> Now, you have certain rights in an enhancement hearing and that includes the rights to review the record of that prior, of those prior convictions. You have the right to object to the validity of those prior convictions, then you have the right to present mitigating circumstances to the court regarding those prior convictions, prior to sentencing occurring in this case, and among other things, I'll have to be convinced that you were represented by counsel or that you had knowingly, voluntarily, and intelligently waived your right to counsel at the time of those prior convictions.

At the enhancement hearing, the State introduced evidence of two prior convictions for driving under the influence of alcohol. Exhibit 1 is a certified copy of the record of a conviction of October 2, 1992, for driving under the influence of alcohol, second offense.

Exhibit 2 is a certified copy of the record of a conviction for driving under the influence of alcohol, second offense, for which Linn was sentenced on July 9, 1992. Exhibit 2 contains a complaint and a two-page journal entry. The journal entry was not signed by a county court judge. Exhibit 2 bears the seal of the county court for Hall County, is certified as a true copy of the original on file with the court, and is signed by the court clerk.

Both exhibits 1 and 2 reflect that Linn was represented by counsel. The exhibits were received in evidence without objection from Linn's counsel. Immediately thereafter, the trial judge observed, "Exhibit two does not reflect the signature of a county judge on the journal entry. All right, with no argument

and objection by either side the court will find that this is a third offense, driving under the influence of alcohol."

The county court then found Linn guilty of driving under the influence of alcohol, third offense. Linn returned to court on January 6, 1994, and was sentenced to pay a $500 fine, court costs, and the breath testing fee. She was also sentenced to 3 months' incarceration, and her driver's license was revoked for 15 years. Linn appealed to the district court for Hall County, which affirmed the decision of the county court. This appeal timely followed.

## ASSIGNMENT OF ERROR

On appeal to this court, Linn alleges that the State failed to prove a valid judgment because the journal entry in exhibit 2 was not signed by a county court judge.

## STANDARD OF REVIEW

■ In reviewing decisions of the district court which affirm, reverse, or modify decisions of the county court, a higher appellate court will consider only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to the higher appellate court. See, *State v. Gerstner*, 244 Neb. 508, 507 N.W.2d 490 (1993); *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990). The record shows that Linn filed a statement of errors in the county court which raised the issue of sufficiency of the evidence used for enhancement. Thus, the assigned error is properly before us.

## ANALYSIS

Linn argues that the State failed to prove that she was guilty of driving under the influence of alcohol, third offense. If a person has been convicted in the previous 8 years of operating or being in actual physical control of any motor vehicle while under the influence of alcoholic liquor or drugs, the convictions may be used to enhance the penalty for a current conviction. See Neb. Rev. Stat. § 60-6,196 (Reissue 1993).

■ In a proceeding to enhance the sentence because of prior convictions, the State has the burden to prove such prior convictions. *State v. Ristau*, 245 Neb. 52, 511 N.W.2d 83 (1994). When using a prior conviction to enhance a sentence,

the State need only show that at the time of the prior conviction the defendant had, or waived, counsel. *Id*. In *LeGrand v. State, ante* p. 300, 527 N.W.2d 203 (1995), this court applied two recent U.S. Supreme Court cases, *Custis v. U.S.*, \_\_\_\_ U.S. \_\_\_\_, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994), and *Nichols v. U.S.*, \_\_\_\_ U.S. \_\_\_\_, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994), which provide further support for this holding. In fact, *LeGrand* holds that the *only* permissible ground of attack on a prior conviction being used for enhancement purposes is that the transcript fails to disclose whether the defendant had or waived counsel at the time the plea was entered. There is no claim that either of Linn's prior two convictions were uncounseled, and in fact the exhibits involved herein show that she had counsel for both convictions.

A judicial record of this state, or of any other federal court of the United States, may be proved by the producing of the original, or by a copy thereof, certified by the clerk or the person having the legal custody thereof, authenticated by his seal of office, if he have one.

Neb. Rev. Stat. § 25-1285 (Reissue 1989). See *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984). The statute says nothing about the signature of the judge being part of the proof of the judicial record.

In compliance with § 25-1285, the State proved with certified copies Linn's prior convictions for driving under the influence of alcohol. Linn argues that although exhibit 2 is a certified copy of her July 9, 1992, conviction, the State failed to prove that a valid judgment existed because exhibit 2 was not signed by the county court judge rendering the judgment of conviction. Linn's argument appears to be that a valid final judgment is not rendered until and unless a judge's signature appears thereupon. Although we believe the attack which Linn attempts here on her prior conviction goes beyond that allowable in an enhancement proceeding, we also disagree with her that the lack of a judge's signature means that the State did not carry its burden of proof with respect to prior convictions.

Rendition of judgment occurs when the court makes an oral pronouncement and accompanies that pronouncement with a notation on the trial docket. Neb. Rev. Stat. § 25-1301 (Reissue

1989). Failing a notation on the trial docket, a judgment is rendered when some written notation of the judgment is filed in the records of the court. *In re Interest of J.A.*, 244 Neb. 919, 510 N.W.2d 68 (1994). In a criminal case, it is the sentence which is the judgment. *State v. Spotted Elk*, 227 Neb. 869, 420 N.W.2d 707 (1988).

The issue of the validity of an unsigned judgment has been previously addressed by the Nebraska Supreme Court. In *Stacks v. Crawford*, 63 Neb. 662, 88 N.W. 852 (1902), the court found that a transcript of the district court of the United States was competent evidence, even though the presiding judge failed to sign the journal of the record.

▪ In *In re Application of Niklaus, Niklaus v. Holloway*, 144 Neb. 503, 13 N.W.2d 655 (1944), the appellant attacked the validity of a judgment because the judge failed to sign the journal entry. The Nebraska Supreme Court stated, "The failure of a judge to sign the judgment does not have the effect of rendering the judgment invalid." *Id.* at 511, 13 N.W.2d at 659. While signing judgments is a prudent practice for trial courts, the failure of the judge to sign the judgment does not render the judgment invalid when an authenticated copy thereof is offered into evidence for the sole purpose of enhancing the penalty on a later conviction.

▪ Additionally, notwithstanding that the judgment in exhibit 2 was not signed, Linn failed to object to its admission. If a defendant fails to object to the admission in evidence of his or her prior convictions, error claimed with respect to the admission of that evidence is not preserved for appellate review. *State v. Tonge*, 217 Neb. 747, 350 N.W.2d 571 (1984); *State v. Penas*, 200 Neb. 387, 263 N.W.2d 835 (1978). Failure to assert a timely objection at the time of trial constitutes a waiver of the objection. *State v. Red Kettle*, 239 Neb. 317, 476 N.W.2d 220 (1991).

The county court advised Linn of her rights in the enhancement hearing prior to the admission of the exhibits, including the right to object to the validity of her prior convictions. Linn was given the opportunity to challenge her prior convictions, and she failed to do so. After the exhibits had been received in evidence, the court pointed out that exhibit 2

had not been signed by the county court judge, yet Linn offered no objection. Linn waived the right to object to the validity of her prior convictions. Linn's assignment of error is without merit.

## CONCLUSION

We find that the failure of the presiding judge to sign the judgment in exhibit 2 did not render it invalid. Moreover, Linn waived any objection to the validity of her prior convictions. Finally, Linn's attack on exhibit 2 exceeds the permissible boundaries for attacks on prior convictions being used solely for enhancement purposes. For these reasons, we affirm the judgment of the district court which affirmed the judgment of the county court.

AFFIRMED.

HANNON, Judge, dissenting.

I must respectfully dissent from my colleagues' opinion for two reasons: first, because of what I regard as the proper interpretation of the statute which I think controls the time of the rendition of a judgment in county court, and second, because of a firm conviction that under modern practice, the use of an unsigned "journal entry" to prove a court acted in conformity with the facts stated in the journal ignores how such records are compiled and certified.

Neb. Rev. Stat. § 25-2729(3) (Reissue 1989) provides as follows:

> The time of rendition of a judgment or making of a final order is the time at which the action of the judge in announcing the judgment or final order is noted on the trial docket or, if the action is not noted on the trial docket, the time at which the journal entry of the action is filed.

The evidence offered by the State does not establish that the judgment was noted on the trial docket. Therefore, the county court did not render a judgment until the journal entry of the action was filed. When is a journal entry filed?

The term "journal entry" is not defined by Nebraska cases or statutes, but the Ohio Court of Appeals defined the related term "to journalize" to mean what I have observed the legal profession in Nebraska has always used the term to mean. That

court stated, "To journalize a decision means that certain formal requirements have been met, *i.e.*, the decision is reduced to writing, signed by a judge, and filed with the clerk so that it may become a part of the permanent record of the court." *San Filipo v. San Filipo*, 81 Ohio App. 3d 111, 112, 610 N.E.2d 493 (1991). See, also, *State v. Ellington*, 36 Ohio App. 3d 76, 521 N.E.2d 504 (1987).

In this case, the State offered a certified copy of an unsigned and unfiled piece of paper that contains a title "Journal Entry." If this document had been signed and filed, I would agree that it would evidence the defendant's conviction. Since no such showing was made, the State failed to prove the conviction in that case.

On a more practical level, I am convinced that generally the clerks of county courts will accept and place in the designated file any piece of paper containing a caption that is handed to them. I am also convinced that judges generally sign journals that they think properly record their decision and that they do not sign papers they think do not do so. Clerks usually do not file stamp unsigned documents that are prepared for the judge's signature. I am also convinced that clerks of the courts certify as records of their courts any requested paper that they find in the file. I further believe that the clerks and judges should act in this fashion. Therefore, a certified paper that shows an unsigned and unfiled "journal entry" should not evidence any more than it shows, i.e., that for whatever reason the judge has not acted.

For these reasons, I would reverse that finding of the county court which relied upon the second conviction for the enhancement of the defendant's penalty in this case.