Drinkwater v. Davidson.

---

## Frederick A. Drinkwater v. John Davidson.

1. COURTS—*Exercise of Discretionary Powers.*—This court is of the opinion that the trial court, in refusing to vacate the judgment in this case except on condition of the payment of ten dollars attorney's fees, exceeded the limit of reasonable discretion.

On Transcript of a Justice of the Peace.—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY. Judge. presiding. Heard in this court at the October term, 1899.  Reversed and remanded. Opinion filed June 21, 1900.

C. M. HARDY, attorney for appellant.

W. H. WILKINS, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The appellant, Drinkwater, appealed to the Circuit Court from a judgment of a justice of the peace against him and in favor of appellee.  The Circuit Court dismissed the appeal and rendered judgment against appellant for damages.  The appellant, in apt time, moved to vacate the

judgment, supporting his motion by affidavits. On the hearing of the motion, the following occurred:

"The Court: The order will be set aside on the payment of ten dollars attorney's fees to plaintiff's attorney, and upon said payment, the case will be placed upon Tuesday's trial calendar.

Mr. Hardy: I can not make that arrangement; I would rather your honor would deny the motion.

The Court: I will deny the motion to set aside the order. I would rather you would take the other course, because I want to set a precedent—I want to make attorneys pay for these matters."

Having read the affidavit in support of the motion, we are of opinion that it should have been granted. The presiding judge of the trial court seems to have been of the same opinion, provided the appellant, or his attorney, would pay ten dollars as an attorney's fee, to appellee's attorney. It appears from the affidavit of C. M. Hardy, appellant's attorney, that March 3, 1899, the case being the last case on the call for that day, Mr. Hardy was engaged as an attorney in impaneling a jury in another cause in the Superior Court of Cook County; that as soon as the jury was impaneled he appeared in the Circuit Court and informed the court, appellee's attorney being present, that he was engaged in the trial of a cause in the Superior Court, the trial of which would probably require three or four days; that the presiding judge of the trial court said that he, the court, was engaged in a trial which was likely to take some time, and that, probably, the trial in which Mr. Hardy was engaged would be concluded by the time the trial of the case pending in the Circuit Court was ended; whereupon Mr. Hardy stated that as soon as the trial in the Superior Court in which he was engaged was ended, he would report to the Circuit Court and be ready to take up the case; that March 7, 1899, while the trial in which the affiant was engaged was progressing in the Superior Court (which trial was not ended till March 10, 1899), the appeal in the present case was dismissed for some reason unknown to affiant; that affiant saw appellee's attorney in the morn-

ing of March 7, 1899, who knew that affiant was actually engaged in the trial in the Superior Court, and that said attorney did not notify affiant that he had dismissed or intended to dismiss the appeal, and that affiant did not know of its dismissal until the afternoon of March 7, 1899, when he was informed of the same by one of the bailiffs and the clerk of the court. The motion to vacate was made March 18, 1899, at the same term at which the appeal was dismissed. An affidavit of appellant, setting up the facts constituting his defense to the suit, was also filed in support of the motion, no objection to which, on the ground of insufficiency or otherwise, is made. No counter affidavit was filed.

We are of opinion that the court, in refusing to vacate the judgment except on condition of the payment of ten dollars attorney's fees, exceeded the limit of reasonable discretion, and that the judgment should have been vacated.

The judgment will be reversed and the cause remanded.