## Benjamin Brook (James P. Pio, Defendant in Error), v. George F. Smerling and Fred Smerling, Plaintiffs in Error.

### Gen. No. 21,752.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed except as to plaintiff's costs. Opinion filed March 8, 1917. Rehearing denied March 26, 1917.

### Statement of the Case.

Action by Benjamin Brook, plaintiff, against George F. Smerling and Fred Smerling, defendants, to recover

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Brook v. Smerling et al., 204 Ill. App. 250.

for personal injuries alleged to have resulted from defendants' negligence. From a judgment for James P. Pio, petitioner, for an attorney's lien for three hundred dollars, defendants bring error.

The petitioner was attorney for the plaintiff in the action and filed his petition alleging that notice of his attorney's lien had been served upon the defendants, and that a settlement of the action had been made with the plaintiff without the knowledge or consent of the petitioner. Upon motion by the defendants to vacate the judgment for the petitioner, the court announced the judgment would be set aside upon the defendants paying fifty dollars attorney's fee, to which the petitioner objected. Time for such payment was given and extended, and upon expiration of the extended time the court vacated the order setting aside the judgment upon payment of fifty dollars attorney's fee, on account of the defendants' failure to pay that amount.

Josiah Burnham, for plaintiffs in error.

James P. Pio, *pro se.*

Mr. Justice Goodwin delivered the opinion of the court.

### Abstract of the Decision.

1. Appeal and error, § 1301*—*when presumed that evidence is sufficient to sustain finding of court.* It must be presumed that the evidence is sufficient to sustain the finding of the court in the absence of a bill of exceptions.

2. Trial, § 2*—*when attorney deemed to have due notice of time case is set for hearing on application.* Where an attorney had timely and actual notice of the fact that an application to have a case set for hearing would be made to the court on a certain day and was fully advised of a change in the time of making such

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

application and made no objection to it, *held* that the attorney should be considered as having been duly notified of the time the case was set for hearing on such application, notwithstanding the question whether the applicant had agreed to inform such attorney of such time.

3. JUDGMENT—*when court may impose terms upon vacation of.* Where a judgment for the petitioner was rendered upon a petition for an attorney's lien, *held* that it would be within the discretion of the judge to impose terms upon vacation of a judgment in favor of the petitioner.

4. JUDGMENT—*when party estopped to object against imposition of terms upon vacation of.* Where counsel for a party seeking to vacate a judgment against him stated in open court that an order vacating the judgment upon payment by such party of a certain sum as attorney's fee was satisfactory to him, *held* that such party would not be in a position to object that it was not within the discretion of the judge to impose such terms upon the vacation of the judgment.

5. ATTORNEY AND CLIENT—*when client's costs may not be included in judgment for attorney petitioning for lien.* The plaintiff's costs in a case may not be included in a judgment for the petitioner on a petition filed in the case by the plaintiff's attorney for an attorney's lien.