**The People of the State of Illinois, Appellee, v. Richard E. Westbrooks, Appellant.**

**Gen. No. 30,957.**

1. APPEAL AND ERROR—*waiver of constitutional questions by perfecting appeal to Appellate Court.* By perfecting an appeal to the Appellate Court from a judgment determining the appellant to have been in contempt of court, such appellant waives any contention that the issuance of the attachment was in violation of his constitutional rights.

2. CONTEMPT—*sufficiency of finding as basis for order adjudging respondent guilty of contempt of court.* A finding that respondent was counsel for defendant in a case pending in criminal court, and that he failed to appear in such court when the case was called for trial, although notified by the sheriff so to do on the specified day and hour, held sufficient as a basis for an order adjudging him to be in contempt of court.

3. CONTEMPT—*failure of counsel for defendant in criminal cause to appear in court on notice by sheriff of time for trial as*

*contempt.* The failure of counsel for a defendant in a cause pending in criminal court, to appear in court when the cause comes on for hearing, after having been notified to appear therein on a specified day and hour, may amount to an indirect contempt of court.

4. CONTEMPT—*necessity of opportunity for hearing before punishment for indirect contempt.* One alleged to have been guilty of an indirect contempt of court may not be punished summarily, but must be given an opportunity to show cause why he should not be punished therefor.

5. CONTEMPT—*waiver of right to entry of rule to show cause before punishment for contempt of court.* Where, notwithstanding the failure of the judge to enter a rule to show cause giving one accused of an indirect contempt of court an opportunity to purge himself thereof, the accused voluntarily appears in court and offers testimony for the purpose of so purging himself, he will be deemed to have waived the failure of the judge to enter such rule.

6. APPEAL AND ERROR—*presumptions from record on appeal from judgment of contempt of court.* Where on appeal from a judgment determining respondent to be in contempt of court the record shows that respondent appeared in court in person, and does not show that he objected to the proceedings upon the ground that the court had failed to enter a rule to show cause why he should not be punished, and the order of court determining him to be in contempt recites that the court was fully advised in the premises, it must be presumed that no objection was made to the omission to enter such rule, that respondent was given an opportunity to purge himself of the alleged contempt, and that the court deemed his showing insufficient.

7. APPEAL AND ERROR—*want of bill of exceptions covering hearing of one accused of contempt as precluding contention evidence insufficient to support finding and order.* In the absence of a bill of exceptions preserving the proceedings at a hearing accorded one accused of contempt of court, the respondent will not be heard, on appeal from a judgment of guilty, to contend that the court erred in making the findings and order upon which the judgment appealed from was based.

Appeal by defendant from the Criminal Court of Cook County; the Hon. HARRY B. MILLER, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1926. Affirmed. Opinion filed November 17, 1926.

ELLIS & WESTBROOKS, BLAINE G. ALSTON, WILLIAM B. BRUCE and BENJAMIN A. BROWNING, for appellant; RICHARD E. WESTBROOKS, of counsel.

ROBERT E. CROWE, State's Attorney, EDWARD E. WILSON and CLARENCE E. NELSON, Assistant State's Attorneys, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

By this appeal the respondent, Westbrooks, seeks to reverse a judgment of the criminal court of Cook county, wherein he was adjudged to be in contempt of court, and ordered to pay a fine of $10. The record discloses that on November 13, 1925, a judge presiding over one of the branches of the criminal court of Cook county ordered that an attachment for contempt issue against the respondent, by reason of his failure to appear as counsel for defendant in a cause then pending in the criminal court, and for his "failure to appear in court after having been notified by the Sheriff of Cook County to appear in court Friday, November the thirteenth, at 9:30 A. M." The writ of attachment in the record shows that it was served. The record shows further that on the same day the court entered an order as follows: "This day come the People, by Robert E. Crowe, State's Attorney, and the said defendant in his own proper person also comes. And the court being fully advised in the premises, and it appearing to the court that the said defendant, Richard E. Westbrooks, was in contempt for failure to appear as counsel for said defendant, Hartley Williams, in cause No. 37176, the *People of the State of Illinois v. Hartley Williams,* also for failure to appear in court after having been notified by the Sheriff of Cook County to appear in court Friday, November the thirteenth (13th) A. D. 1925, at 9:30 A. M. it is therefore ordered that he be held in con-

tempt of court and ordered to pay a fine of ten dollars ($10)."

In support of his appeal the respondent alleges that the issuance of the attachment was in violation of certain constitutional provisions. These are matters which this court may not consider and they were waived by respondent when he perfected his appeal to this court.

It is next contended that the order finding the respondent guilty of contempt is insufficient on its face and the order itself shows that the court erred in entering it, because it fails to indicate anything which could be considered as constituting a contempt of court. In our opinion, the order is entirely sufficient. It finds facts sufficient to show that the respondent was counsel for the defendant in a criminal case pending before the court, and that he failed to appear as such counsel after he had been notified by the sheriff so to do, on the day in question at a specified hour. The absence of counsel from the court room at the time when the case in which he was engaged comes before the court, especially after having been notified by the sheriff to be in court at such specified day and hour, may amount to a contempt of court. If such failure to appear does amount to a contempt, it is an indirect contempt, such as the court may not punish summarily, without awarding the respondent an opportunity to show cause. *In re Clark*, 208 Mo. 121; *In re McHugh*, 152 Mich. 505, 116 N. W. 459. However, if the trial judge fails to enter a rule and give the respondent an opportunity to answer and purge himself of the alleged contempt, as he might by showing a good reason for his absence (*Wise v. Commonwealth*, 97 Va. 779), which would be the proper practice, nevertheless, if respondent voluntarily appears in court and offers his testimony, or that of others, for the purpose of explaining his failure to appear, and respondent is thus given full opportunity to purge

himself of the contempt charged against him, and he thus has the same opportunity to make a defense as if a rule had been entered to show cause, then, by such conduct, he waives the failure of the court to enter a rule, and may not thereafter object to the proceedings on that ground. *In re McHugh, supra.* It appears, from the record before us, that is what happened here. When respondent failed to appear as counsel for defendant in a pending case, an attachment was issued for him, which shows that it was served on the day it was issued. The respondent says in his brief filed in this court that he attended the trial court on the day in question, voluntarily, after being notified over the telephone that the judge wanted to see him; and that the attachment which had been issued was served on him after he reached the court room. This, however, is in our opinion immaterial, for, the record shows, the respondent was before the court in person. The order of the court recites that the court was fully advised in the premises, and that it appeared to the court that respondent was guilty of contempt, by reason of his failure to be before the court as counsel at the time appointed. We are bound to presume from this record that some showing was made on this question before the trial court and that respondent had his opportunity to be heard. If respondent objected to the proceedings, by reason of the fact that the court had not entered a rule to show cause, or if, having come into court, respondent requested an opportunity to purge himself from the alleged contempt, but was denied such opportunity, it was incumbent upon him to preserve such matters in a bill of exceptions, which he has not done. We are bound to assume, as the record stands, that respondent made no point of the fact that a rule had not been entered, and, further, that he was given an opportunity to purge himself of contempt, and made such showing as the facts warranted, but that the court found that such showing

was insufficient. Respondent does not urge that the court erred in that regard, nor could he do so successfully, in the absence of the preservation of the proceedings that took place, by a proper bill of exceptions.

For the reasons given, the judgment of the criminal court is affirmed.

*Judgment affirmed.*

TAYLOR, P. J., and O'CONNOR, J., concur.