IRENE M. GERATY *et al.*, Plaintiffs-Appellants, *v.* CARBONA PRODUCTS CO. *et al.*, Defendants-Appellees.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID ALSWANG, Defendant-Appellant.

(No. 55509;

First District (3rd Division)—December 27, 1973.

William J. Harte, of Chicago, for appellants.

Howard & French, of Chicago (Richard G. French, Stuart N. Litwin, and Gary Dienstag, of counsel), for appellees.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Fredric B. Weinstein, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

On March 2, 1965, Irene M. Geraty filed a wrongful death action in the circuit court of Cook County, on her own behalf and as administratrix of the estate of Patrick B. Geraty, her late husband, against Carbona Products Company, Exo Products Company, and Walgreen Company. The complaint stated that the deceased died as a result of having been exposed to dangerous fumes allegedly emitted by a cleaning product manufacted by Carbona and/or Exo and sold to the decedent by Walgreen Company. Pursuant to proceedings detailed below, the trial court, on April 13, 1970, dismissed the action for want of prosecution.

Plaintiff filed a timely motion to vacate the dismissal order, and a hearing on the motion was conducted on August 5, 1970. At the hearing, the court deferred a final decision on plaintiff's motion. However, the court did cite plaintiff's counsel, David Alswang, on two counts of contempt of court for actions occurring on April 10 and 13, 1970, and fined him $250 on each count. On August 13, 1970, the trial court issued a final order reaffirming its judgments of contempt of court and conditioning the vacatur of the dismissal order upon the prompt acknowledgement of contemptuous conduct and payment by plaintiff's counsel of the $500. Plaintiff appeals, contending that the entry of the order of dismissal and later refusal to vacate it was an abuse of discretion by the trial court or, in the alternative, that the condition placed upon the court's vacation of the order was improper. Plaintiff's counsel also appeals, contending that the judgments of contempt were erroneous as a matter of law.

The complaint was quite detailed and sought recovery on three alternative legal theories. In the five years the case had remained on the circuit court docket, a great deal of pretrial discovery, including use of interrogatories, was employed. Interrogatories served on Carbona were

answered and signed by its president, Andrew Warren, a New York resident.

On April 1, 1970, plaintiff's counsel mailed a notice pursuant to Supreme Court Rule 237 to defendants' counsel, requesting the production of extensive corporate records of Carbona and the appearance of Mr. Warren at trial. Amended notices were mailed on April 6 and 7, and the case was assigned for trial on February, April 10.

Prior to jury selection, defendants' counsel orally moved to quash plaintiff's motion to produce. He argued that the motions were untimely in light of plaintiff's prior and extensive use of pretrial discovery tools and the imminent commencement of trial and that the requested documents were immaterial. He further argued that the production of Warren would be an unnecessary inconvenience since he would not be a defense witness, that he had not been previously deposed, and that there was no basis to support plaintiff's expectations that he would be a competent witness. When the trial judge indicated that he was inclined to agree with the defense position, plaintiff's counsel insisted that Warren was a key witness and offered to pay Warren's transportation costs. When defendants' counsel rejected this offer, the court denied plaintiffs' motion to produce, terminated the hearing, and commenced jury selection.

During his examination of the first panel, defense counsel asked a prospective juror whether "the fact that these young boys are sitting here for no apparent reason whatsoever, is that going to make any difference to you?" The reference was to the two young sons of the deceased. The boys were apparently sitting at the table with plaintiff's counsel. Plaintiff's attorney objected to the question and requested a hearing outside the presence of the voir dire panel to make a motion. The trial judge responded that he would entertain the motion after a jury had been finally selected. Plaintiff's counsel's motion in open court to withdraw a juror and declare a mistrial was then denied.

After jury selection, a hearing was held outside the jury's presence on plaintiff's motion for a mistrial. Plaintiff's counsel heatedly denounced defense counsel's question to the juror, characterizing it as "unwarranted, vicious, and prejudicial." He stated that the rulings of the court were upsetting his trial strategy, and he feared he would be unable to obtain a fair trial. The trial judge initially indicated that he believed the boys had a right to be present, but later expressed some uncertainty because their names did not appear on the heading of the complaint. The judge terminated the in-chambers hearing by telling plaintiff's counsel that if he could support his position regarding plaintiff's right to a mistrial with legal authority on the following Monday morning at 9:30 A.M., he would

grant the motion for mistrial. The hearing concluded without any indication from the trial court that it had considered plaintiff's strong argument disrespectful or contemptuous.

No testimony has been taken as to what transpired on the following Monday, April 13. Thus no resolution of the disputed facts has been made and our recital of the incident is incomplete. However, certain facts appear to be undisputed. Plaintiff's counsel, having served notice on defendants' counsel over the weekend, appeared in the Chicago office of the Illinois Supreme Court to file a petition for a writ of mandamus. The petition sought to stay proceedings in the trial court until the Supreme Court issued a writ ordering the trial judge either to nullify his order denying plaintiff's motion to produce Warren at trial or to permit plaintiff time to obtain Warren's evidence deposition. The trial judge twice telephoned plaintiff's counsel, once at the Supreme Court and once at counsel's office. During the second call, counsel stated that he was obtaining additional copies of the petition. (The Illinois Supreme Court eventually denied the petition.)

At 11:00 A.M. the trial judge dismissed plaintiff's cause of action for want of prosecution. Plaintiff's counsel arrived in court at 11:30 A.M. ready to proceed and learned of the court's action. Plaintiff herself had been present in court the entire morning.

On May 1, 1970, plaintiff's attorney filed a written motion to vacate the dismissal order, and eventually a hearing on the motion was held on August 5. The judge stated that he was undecided regarding the resolution of the motion and deferred making a final judgment. However, the court informed plaintiff's counsel for the first time that it considered his conduct at the hearing on April 10 and his delay in appearing in court on April 13 to be contemptuous, and it fined him $250 on each count. On August 13, the trial court issued an order reaffirming its contempt orders and placing certain conditions on vacating the order of dismissal. If plaintiff's counsel acknowledged his contemptuous conduct and paid the fines, the dismissal order against plaintiff would be vacated and the case reinstated on the docket for immediate trial. If, however, the fines were not paid for any reason, including a successful appeal, the dismissal order would stand and the motion to vacate would remain denied.

Plaintiff initially contends that the trial court abused its discretion in dismissing her action and in subsequently refusing to vacate that order. ■■ The law regarding a court's dismissal of a cause of action for want of prosecution is clear and well-established. A dismissal of a valid cause of action is error unless plaintiff has been guilty of inexcusable delay in prosecuting the suit. (*Epley v. Epley* (1928), 328 Ill. 582, 160 N.E. 113.)

However, a reviewing court will not interfere with the order in the absence of a manifest abuse of discretion. *Nowaczyk v. Welch* (1969), 106 Ill.App.2d 453, 245 N.E.2d 894.

We believe that it was within the trial court's discretion to dismiss plaintiff's cause of action because of the failure of her attorney to appear promptly in court. The trial judge could not divine the intentions of counsel when a long-docketed trial had begun and counsel had not appeared.

■■ However, the trial court clearly abused its discretion in failing to vacate the order upon the prompt action of plaintiff. Whatever doubts the trial judge may have had regarding plaintiff's abandonment of her cause of action should have been erased when he learned that plaintiff was present in the courtroom all morning and when plaintiff's counsel appeared at 11:30 A.M. There was no wilful refusal to comply with a court order and no prejudice to the defendants' case because of the short delay. (*Gray v. Yellow Cab Co.* (1971), 1 Ill.App.3d 984, 273 N.E.2d 703.) Although the trial judge had good reasons to be provoked, the drastic action of refusing to vacate the order of dismissal seems inappropriate.

Defendants admonish us that our judgment reversing the order of dismissal will be an invitation to lawyers to stall the judicial process with impunity while they shuttle off to the Supreme Court seeking relief denied them in the course of trial. While it is an attorney's right to seek a writ of mandamus if he feels such relief is necessary to protect his client's interests, the procedure utilized here by the trial attorney is not to be condoned. For an attorney to keep judicial personnel awaiting in a proceeding which has commenced risks sanctions by the trial court. The sanctions may include the taxing of court costs, the payment of opposing counsel's fees, or, where justified, a contempt finding. No ruling can be fashioned for every occasion. We simply hold that the action taken by the trial court here in refusing to vacate the order of dismissal was too severe and hence improper.

The action of the trial court in imposing certain conditions for the vacating of the order of dismissal was also erroneous. If plaintiff's counsel acknowledged that his conduct was contemptuous and paid the fines, the dismissal order against plaintiff would be vacated. If the fines were not paid for any reason, including a successful appeal, the dismissal order would stand.

In *Drinkwater v. Davidson* (1899), 90 Ill.App. 9, the trial court entered judgment against defendant without notice to him, despite the fact that it had previously granted his attorney a continuance until he had completed another trial in which he was currently engaged. When

the attorney moved to vacate the judgment, the court ruled that it would grant the motion if the attorney or his client paid the attorney's fees of the opposing party. Defendant's attorney refused to perform the condition and appealed. On review, the court reversed the order, holding that its entry was an abuse of discretion on the part of the trial court. Contra: *Brook v. Smerling* (1917), 204 Ill.App. 250 (abstract).

In the present case, the conditions imposed on the vacation of the dismissal order were directed solely against plaintiff's attorney, pitting counsel against his client in an obvious conflict of interest situation. If the attorney believed the judgments of the court were unwarranted, he would have to appeal them. If his position were sustained on appeal, the matter would be reversed and placed once more on the trial docket, causing a loss of valuable time to the plaintiff. If, on the other hand, the attorney felt that the merits of his client's cause of action demanded a prompt trial and overshadowed his own doubts regarding the correctness of the judgment, the attorney would be compelled to meekly pay the fines, and the order would have effectively chilled the attorney's right to appeal. The conditions attached to the order of dismissal clearly were unwarranted and improper.

Plaintiff's counsel also contends that the two contempt judgments emanating from his conduct at the April 10 hearing and from his failure to appear promptly on April 13 were erroneous.

The April 10 hearing was conducted in chambers and dealt with a motion made by plaintiff's counsel to have the court declare a mistrial due to an allegedly prejudicial question asked a prospective juror by opposing counsel. Our perusal of the record reveals the most serious remarks made by plaintiff's counsel to be the following:

"* * * if I ever had a chance for a fair trial, I haven't got it in the face of that remark because if your Honor won't, I will tell you now if this is done wrong, if this is the way it will be running, if you want us to play that way, I will play back. I will do it in self-defense and you won't like it and he won't like it. * * * I have taken all I can. Don't be a hypocrisy and make me throw up, Mr. French. You know damn well I don't mean that.

* * *

If I had any respect for you, I have lost it completely. You [French] make me sick. You make my stomach turn. * * *"

A reading of these remarks in context demonstrates that plaintiff's counsel was extremely upset at what he considered to be prejudicial trial tactics of defense counsel. At no time during this hearing did the trial judge or defense counsel remark that plaintiffs' attorney spoke too harshly or emphatically. Plaintiff's counsel's remarks, admittedly made

loudly, were constantly punctuated by observations of respect for the trial court. It was not until almost four months later that the trial judge informed plaintiff's counsel that he considered the remarks to be contemptuous. The judge also commented that he had learned after the April 10 hearing that the exchange in chambers had been overheard by some administrative court personnel.

■■ Direct contempt of court results from conduct in the presence of the court which is calculated to embarrass, hinder, or obstruct a court in the administration of justice or to lessen its authority or dignity. *People v. Cochrane* (1923), 307 Ill. 126, 138 N.E. 291.

■■ When so viewed, we are unable to agree with the trial court that the language in context was contemptuous. Although some of the remarks were intemperate and unworthy of an attorney, our Illinois courts have given broad leeway to the in-court statements of an attorney. (*People v. Miller* (1972), 51 Ill.2d 76, 281 N.E.2d 292; *George v. Toal* (1972), 6 Ill.App.3d 329, 286 N.E.2d 41 (abstract).) This has undoubtedly been the rule because the line between presenting a vigorous and good faith effort in a client's behalf and the utilization of overzealous and intemperate language oftentimes becomes blurred in the clash of confontation. On reflection, one realizes his client's case would have been better served by leaving some things unsaid. We find that the remarks of plaintiff's counsel at the April 10 hearing did not constitute contemptuous conduct.

The second finding of contempt against plaintiff's counsel resulted from his failure to present himself to the court at the time scheduled on April 13.

■■ In contrast to direct contempt, indirect contempt is contempt committed outside the presence of the court. (*People v. Gholson* (1952), 412 Ill. 294, 106 N.E.2d 333.) The unexplained absence of an attorney at trial may be grounds for indirect contempt. (*People v. Stafford* (1970), 118 Ill.App.2d 453, 255 N.E.2d 17 (abstract); *People v. McDonnell* (1940), 307 Ill.App. 368, 30 N.E.2d 80; *People v. Westbrooks* (1926), 242 Ill.App. 338.) An attorney charged with indirect contempt, in order to comport with procedural due process requirements of the Fourteenth Amendment, is entitled to advance notice, right to counsel, appropriate pleadings, a hearing, examination of witnesses, and an opportunity to advance his defense. (*People v. Stafford; People v. McDonnell.*) Since these rights were not afforded plaintiff's counsel in the present case, the second judgment of contempt is reversed and remanded for a proper hearing to determine if indirect contempt was committed.

For the reasons stated, the order of the circuit court of Cook County dismissing plaintiff's cause of action is reversed and the cause is remanded for further proceedings not inconsistent with this opinion. The

judgment finding plaintiff's counsel guilty of contempt for his conduct at the April 10 hearing is reversed. The judgment finding plaintiff's attorney guilty of contempt for his failure to appear promptly at court on April 13 is reversed and remanded for further proceedings not inconsistent with the holdings of this opinion.

Reversed and remanded.

McGLOON and MEJDA, JJ., concur.