THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* R. EUGENE PINCHAM, Defendant-Contemnor-Appellant.

First District (5th Division)    No. 61148

Opinion filed May 28, 1976.

Theodore M. Becker, of Chicago (Charles B. Evins, G. Michael Cooper, III, Isaiah Skip Grant, Sam Adam, James J. Cutrone, and Edward M. Genson, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Kevin Sweeney, and Michael J. Angarola, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

After a summary hearing on a rule to show cause, defendant, an attorney, was found guilty of willful contempt for his failure to appear in court thereby delaying the start of a previously scheduled trial for an entire day. The order included a mittimus to the Sheriff to take defendant into custody until he would pay $920 to the clerk of the circuit court with the commitment not to exceed a period of six months.

On appeal defendant contends that: (1) his failure to appear could not constitute direct contempt and he should have been charged with indirect contempt, (2) in a hearing to determine indirect contempt he was entitled to the full panoply of procedural due process rights afforded to an accused, and (3) his right to a fair trial was denied when the trial judge failed to recuse himself.

Julius Tomlin was charged with armed robbery and attempt murder. He retained defendant to defend him. After 18 continuances, the Tomlin trial was set for Monday, November 18, 1974, before Judge Paul F. Elward.

Marsha Williams retained defendant to defend her against a charge of murder arising from a separate and unrelated incident. On Wednesday, November 13, 1974, allegedly relying on Assistant State's Attorney Lee Shalgos' representation that the Tomlin case would be continued, defendant appeared before Judge P. A. Sorrentino who set Williams' trial for Monday, November 18, 1974, at 10 a.m. On the 18th at the appointed hour, Judge Sorrentino, because of other unfinished business, suggested the case be rescheduled. Defendant, however, requested that a jury be sworn because he did not "want to be whiplashed between two cases." The case was then reset for 3 p.m. the same day.

The Tomlin case was called for trial at 10 a.m. in Judge Elward's courtroom, but defendant did not appear nor send a representative. Shortly after 11:40 a.m. defendant's law clerk appeared representing to the court that defendant's absence was caused by his engagement before Judge Sorrentino in the Williams case. After stating that his personal bailiff had verified that defendant was not, in fact, on trial before Judge Sorrentino at that time, Judge Elward issued a rule to show cause why defendant should not be held in contempt of court for his failure to appear. The rule was returnable that same day at 2 p.m.

Defendant appeared at 3:21 p.m. in response to the rule, requesting the

assistance of counsel, and an opportunity to file a response. He explained his absence and his reliance upon the prosecutor's representation that the Tomlin case would be rescheduled. Shalgos admitted making a telephone call, but denied saying that the State would seek to continue the case.

Judge Elward denied defendant's request for representation by counsel and a hearing with the right to confront witnesses stating: "Well, I'm afraid that the cases do not call for it in direct criminal contempt which is what appears to be the situation here, sir."

The court then found defendant guilty of willful contempt. Defendant's renewed requests were again denied.

Defendant then sought a change of venue alleging Judge Elward's bigotry, prejudice and bias against him and requesting that Judge Elward recuse himself from hearing the motion for a change of venue. After a hearing on the basis for the motion for change of venue, the motion was denied and the contempt order and fine were entered.

OPINION

■■ Defendant contends that his conduct in failing to appear before the court in a previously scheduled trial at most constitutes indirect not direct contempt. We agree that the rule in Illinois is that a direct contempt takes place in the very presence of the court, making all elements of the offense matters within the court's personal observation and knowledge. (*People v. Harrison*, 403 Ill. 320, 86 N.E.2d 208; *People v. Sherwin*, 353 Ill. 525, 187 N.E. 441.) An indirect contempt is one which in whole or in essential part occurred out of the presence of the court and is therefore dependent for its proof upon evidence of some kind. *People v. Pomeroy*, 405 Ill. 175, 90 N.E.2d 102.

■■ The courts in Illinois have held that the unexplained absence of an attorney at trial may be grounds for indirect, but not direct, contempt. (*Geraty v. Carbona Products Co.*, 16 Ill. App. 3d 702, 306 N.E.2d 544; *People v. Westbrooks*, 242 Ill. App. 338.) Among the reasons advanced for classifying such conduct as grounds for indirect contempt are: (1) a court confronted with such conduct on the part of an attorney is unable to ascertain by its own observation and without inquiry the operational facts from which an inference of wilfulness or of wrongful intent can be drawn, and (2) it is illogical for a court to determine that an attorney's failure to be present constitutes a contempt committed in the court's presence when by the very nature of the offense the offender and his acts are not in the court's presence. These are valid reasons and in applying them to the instant case, we hold that defendant's absence could not have constituted direct contempt and the trial court's judgment was erroneous.

It is obvious from the record that the trial court was dependent for its

knowledge upon the report of its bailiff. The finding of guilt at least in part was necessarily based upon facts outside the personal knowledge of the judge, which facts would not come within his judicial knowledge, but must be determined by the taking of testimony. The contempt therefore, if any, was an indirect contempt, entitling defendant to the constitutional rights of advance notice, a full hearing, counsel, and confrontation. Being given only the opportunity to testify in one's own behalf falls short of satisfying the requirement. See *People v. Jashunsky*, 51 Ill. 2d 220, 282 N.E.2d 1, *cert. denied*, 409 U.S. 989, 34 L. Ed. 2d 256, 93 S. Ct. 332, and 409 U.S. 984, 34 L. Ed. 2d 249, 93 S. Ct. 333.

In light of the summary nature of the proceedings below, we believe that further evidence is required before this court can review on the merits whether defendant's conduct constituted indirect contempt. (See *People v. Almanza*, 25 Ill. App. 3d 860, 323 N.E.2d 447; *Geraty v. Carbona Products Co.*, 16 Ill. App. 3d 702, 306 N.E.2d 544.) Accordingly, we remand this cause to the circuit court for a new hearing before an impartial judge.

For the reasons stated above, the judgment of the circuit court is reversed and remanded for further proceedings not inconsistent with the views herein.

Reversed and remanded.

SULLIVAN and BARRETT, JJ., concur.