THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.*
E. DUKE McNEIL, Respondent-Appellant.

First District (4th Division) No. 62211

■

Opinion filed October 13, 1976.

■

■

■

■

Howard T. Savage, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

A petition for a rule to show cause was filed against respondent, E. Duke McNeil, on January 6, 1975, and was followed by an additional petition filed January 29, 1975. Subsequent to the filing of the second petition, an answer was filed by the respondent on January 29, 1975. A hearing on the rule was conducted, arguments were heard, testimony was

taken, findings of fact were made, and respondent was adjudged in contempt of court and fined $250. The respondent appeals from this order and raises the following issues on review: (1) whether the due process clauses of the United States and Illinois constitutions require that an individual convicted of contempt of court be accorded prior notice of the allegations against him in written charges and a fair and impartial hearing at which he has an opportunity to examine the witnesses against him and offer testimony in his own behalf, where the conduct which is alleged to be contumacious is not within the personal knowledge of the trial judge; (2) whether respondent was proved guilty beyond a reasonable doubt; and (3) whether it is reversible error for the judge to act as both trier of fact and witness against respondent in a criminal contempt proceeding where evidence not within the personal knowledge of the trial judge must be secured and considered.

On April 23, 1975, a hearing was held before Judge Cherry on the rule to show cause why Attorney E. Duke McNeil should not be held in contempt of court. The court found that E. Duke McNeil was a licensed Illinois attorney and was the attorney of record in the People v. Richard Davis case which was pending before the court. On September 30, 1974, the Davis case was called by the court and the defendant appeared along with a representative from respondent's office, and the matter was continued on defendant's motion until November 7, 1974, on the representation that respondent would be available for trial on that date. On November 7, 1974, the Davis case was called at 10 a.m. and the defendant appeared before the court without an attorney. However, when respondent appeared at 2 p.m., he informed the court that the case had been assigned to Mr. Cheeks, that he had appeared before Judge Olson on another matter, but that he had not been on trial before Judge Olson or any other judge. Mr. McNeil also stated that he was not ready for trial and the matter was continued on defendant's motion until December 3, 1974. However, when the Davis case was called on that date, no one appeared on behalf of defendant and the matter was continued until January 6, 1975, at 9:30 a.m. When the Davis case was called on January 6, 1975, at 9:30 a.m., Mr. McNeil did not appear, but his associate, Mr. Cheeks, appeared at 10:30 a.m. At 12:40 p.m., Mr. McNeil arrived and explained to the court that certain matters at 26th and California required his personal attention and his associate, Mr. Cheeks, had been assigned to appear before Judge Fleischman.

Mr. Cheeks, the only witness to testify at the hearing and an employee of the firm of McNeil, Cheeks and Associates, testified that prior to January 6, 1975, he had discussed the Davis case with Mr. McNeil and was familiar with the issues involved. He explained that on January 6 he appeared, informed the court that Mr. McNeil was at 26th and California,

and told the court that they were ready to proceed to trial. However, the witness testified that he was directed to the wrong courtroom; that he went to Judge Fleischman's courtroom sometime after 9:30 a.m., and when he discovered the mistake he arrived in Judge Cherry's courtroom but did not recall the exact time. When he arrived in the courtroom, he was directed to Judge Cherry's chambers by a court assistant where he was asked to explain Mr. McNeil's absence. The witness explained to the judge that Mr. McNeil was attending to another case, but he was ready to proceed. The court instructed Mr. Cheeks to contact Mr. McNeil and tell him to appear instanter. So the witness complied with the judge's request by contacting his office and leaving a message for Mr. McNeil.

Based on the findings of fact, the court found that Mr. McNeil violated canon 24 of the Code of Ethics of the Illinois State Bar Association. According to the court, the Code requires that a lawyer be punctual, attendent, concise, and direct in a trial while disposing of causes. Judge Cherry held that the contemner violated the Code by conduct that was calculated to obstruct the administration of justice and therefore found the respondent guilty of contempt and fined him.

 The State contends that defendant's failure to appear before the court and explain his absence and tardiness constitute direct contempt and does away with the necessity of bringing forth extrinsic evidence or the observance of procedural formalities prior to an adjudication of guilt. Although the State confessed error on this point, we think it is important to distinguish direct and indirect contempt. Direct contempt takes place in the presence of the court and all elements of the offense are matters within the court's personal observation and knowledge (*People v. Harrison* (1949), 403 Ill. 320, 324, 86 N.E.2d 208), while an indirect contempt is one which in whole or an essential part occurred out of the presence of the court and is dependent for its proof upon extrinsic evidence of some kind. (*People v. Pincham* (1976), 38 Ill. App. 3d 1043, 350 N.E.2d 67.) The courts in Illinois have held that the unexplained absence of an attorney at trial may be grounds for indirect contempt (*Geraty v. Carbona Products Co.* (1973), 16 Ill. App. 3d 702, 708, 306 N.E.2d 544), but such conduct cannot be punished summarily. (*People v. Westbrooks* (1926), 242 Ill. App. 338, 341.) In *Pincham*, the court advanced two reasons for classifying conduct outside the presence of the court as grounds for indirect contempt: (1) a court confronted with such conduct on the part of an attorney is unable to ascertain by its own observation without inquiry the facts that make up the elements of the offense, and (2) the impossibility of a court being aware of facts based on observation and knowledge when an attorney's failure to appear is an act not in the court's presence. We are in complete agreement with the reasons advanced by the *Pincham* court, and reasons advanced by the

court are important matters to be considered. In the instant case, the alleged contemner was not deprived of any procedural rights since the record reveals that a rule was issued by the court on January 29, 1975, as required by Illinois law in cases of this nature (*People v. Pomeroy* (1950), 405 Ill. 175, 180, 90 N.E.2d 102), and a hearing was held on April 23, 1975, providing the respondent with an opportunity to show cause why he should not be held in contempt. In our opinion, the trial court complied with the procedural due process requirements of the fourteenth amendment and provided the respondent with advance notice, counsel was present at the hearing, appropriate pleadings were issued by the court, a hearing was held, one witness was called and examined, and the alleged contemner was provided with an opportunity to present a defense. Since the conduct in the case at bar occurred outside the presence of the court and required the taking of testimony to culminate in a finding of guilty, the contempt, if any, constituted indirect contempt. We hold that respondent's conduct, although it is conduct with which we cannot approve, does not constitute indirect contempt. The respondent was engaged in another matter and his associate, who was assigned to handle the case, was directed to another courtroom by mistake. We are concerned, however, about the administration of justice and will approve sanctions imposed where appropriate if attorneys trifle with the court, but in our opinion the respondent's conduct was not willful or calculated to hinder the court in its business.

In light of the fact that we are reversing respondent's conviction, it is unnecessary for this court to reach the third issue raised by respondent.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

DIERINGER and ADESKO, JJ., concur.