THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT L. EDWARDS, Defendant-Appellant.

First District (3rd Division)   No. 78-116

Opinion filed March 21, 1979.

Howard T. Savage, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Joan S. Cherry, and Michael L. Closen, Assistant State's Attorneys, of counsel), for the People.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

The defendant, Robert L. Edwards, an attorney, appeals from an order entered August 5, 1977, in the Circuit Court of Cook County holding him in direct contempt of court. The court imposed a fine of $25. The defendant's motion to vacate the conviction was denied.

Robert Edwards was the attorney of record for one of two defendants in a criminal proceeding held before Judge Earl Strayhorn in the Criminal Courts Building. Because a witness for the State was out of town on July 28, 1977, this case was continued to August 5, 1977, at 11 a.m. The following dialogue occurred between the court and Edwards on July 28:

"The Court: Let's make this next Friday, August 5th.

Mr. Edwards: Can we have the afternoon?

The Court: No, get here about eleven o'clock."

On August 5 Edwards arrived at Judge Strayhorn's courtroom at 11:50 a.m. When asked by the court for an explanation of his tardiness, Edwards responded that he was delayed by a divorce hearing in the

Daley Center. He informed the court that when he left the courtroom in the Daley Center at approximately 11 a.m., he telephoned his secretary and requested that she notify Judge Strayhorn of his delay. Edwards immediately left the Daley Center and went to the Criminal Courts Building.

The judge asked the court captain, the assistant court captain, his personal bailiff, the court clerk and the assistant State's attorney assigned to the courtroom whether they had received any call from Mr. Edwards' office. All responded that they had not.

The court reminded the defendant that he had been late to the courtroom in the past and had been advised not to appear late again without notifying the court. The court fined the defendant $25 "for contempt of court in that your unexplained and inexcusable absence brought about a possibility of the court being placed in a position where it would be held up in disrepute in the eyes of witnesses * * *."

At the hearing on the motion to vacate the conviction, the court advised the defendant that he was holding him in direct contempt of court and made the following statement:

"I am not holding him in contempt for being late. I am holding him in contempt because he held the orderly process of justice up by his failure to call, to have the simple courtesy to make a telephone call and say, 'I'm late.' "

On appeal the defendant argues that he was convicted of indirect contempt of court and therefore entitled to his due process rights of written notice of the charges, a fair and impartial hearing with the opportunity to cross-examine witnesses, and representation by counsel. In addition, Edwards claims that he was not proven guilty beyond a reasonable doubt.

■■ Contempt of court is conduct calculated to embarrass, hinder, or obstruct a court in the administration of justice, to lessen its authority or dignity or bring the administration of law into disrepute. (*In re Estate of Melody* (1969), 42 Ill. 2d 451, 248 N.E.2d 104; *Geraty v. Carbona Products Co.* (1973), 16 Ill. App. 3d 702, 306 N.E.2d 544.) Direct contempt is committed in the presence of the judge or within an integral part of the court. (*People ex rel. Kunce v. Hogan* (1977), 67 Ill. 2d 55, 364 N.E.2d 50, *cert. denied* (1978) 434 U.S. 1023, 54 L. Ed. 2d 771, 98 S. Ct. 750.) Indirect contempt, however, occurs in whole or in essential part outside the presence of the court and depends upon evidence of some kind for its proof. (*People v. Pomeroy* (1950), 405 Ill. 175, 90 N.E.2d 102; *People v. Pincham* (1976), 38 Ill. App. 3d 1043, 350 N.E.2d 67.) Because the judge must depend upon extrinsic evidence to find the defendant guilty of indirect contempt of court, due process requires that the defendant be advised of the charges, be accorded a fair hearing, and be permitted

representation by counsel. *In re Oliver* (1948), 333 U.S. 257, 92 L. Ed. 682, 68 S. Ct. 499; *People v. Jashunsky* (1972), 51 Ill. 2d 220, 282 N.E.2d 1.

■■ The record reveals that the court held Edwards in contempt of court either for his lateness or for his failure to telephone the court to explain his delay. Both acts constitute indirect contempt because they occurred outside the presence of the court. Edwards, therefore, was entitled to the protection of due process.

The State urges that Edwards' absence from court was direct contempt and cites other jurisdictions which so hold. However, we hold that the unexplained absence of an attorney at trial may be grounds for indirect, but not direct contempt. *People v. Pincham*; *Geraty v. Carbona Products Co.* (1973), 16 Ill. App. 3d 702, 708; *People v. Westbrooks* (1926), 242 Ill. App. 338.

■■ The State also argues that Edwards' due process rights were fully protected because he was given an opportunity to explain his absence. In *People v. Westbrooks*, a decision rendered in 1926, such a summary procedure was considered sufficient. However, due process requirements have developed significantly in the past 53 years. The decision of the United States Supreme Court in *In re Oliver* in 1948 explains the protection to be granted to a defendant accused of indirect contempt. Therefore, we find that Edwards was deprived of his due process rights.

Edwards' second argument on appeal is that he was not proven guilty of criminal contempt beyond a reasonable doubt. The State has this burden. (*People ex rel. Chicago Bar Association v. Barasch* (1961), 21 Ill. 2d 407, 173 N.E.2d 417.) The conduct of the defendant must be intentional in order to constitute indirect criminal contempt. *People v. Witherspoon* (1977), 52 Ill. App. 3d 151, 367 N.E.2d 313.

Judge Strayhorn gave conflicting reasons for his contempt order. He initially found that Edwards' unexcused absence could place the court in disrepute. He later stated that Edwards' failure to telephone the court obstructed the administration of justice.

The defendant informed the court that he was delayed in another courtroom at a different location. The record reveals that when the case was continued for trial Edwards attempted to schedule the trial for the afternoon, but this request was denied.

In addition, Edwards stated that he had telephoned his secretary and instructed her to advise the court of his delay. Although the personnel questioned by the court stated that they had not received a phone call, it is possible that another person took the message or that Edwards' secretary failed to follow his instruction.

■■ It is our opinion that the evidence fails to establish beyond a reasonable doubt that Edwards possessed the requisite intent to place the court in disrepute or to obstruct the administration of justice.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby reversed.

Reversed.

SIMON, P. J., and RIZZI, J., concur.