*In re* ESTATE OF APE LUCIA ST. GEORGE.—(ANN ST. GEORGE BARKER, Respondent-Appellant, *v.* HENRY W. LESCHER, Ex'r of the Estate of Ape Lucia St. George, *et al.*, Petitioners-Appellees.)

First District (4th Division)    No. 80-1947

Opinion filed August 13, 1981.

William J. Harte, Ltd., of Chicago, for appellant.

Sidney Z. Karasik, of Chicago, for appellee Henry W. Lescher.

Mr. JUSTICE LINN delivered the opinion of the court:

Respondent, Ann St. George Barker, appeals from a judgment entered in the probate division of the circuit court of Cook County holding her in contempt of court for willfully failing to comply with its order to turn over certain personal property to the executor of her decedent mother's estate. The court imposed a term of 6 months incarceration but allowed respondent to purge herself of contempt by compliance with the court's turnover order. A stay bond was filed pending the disposition of the appeal.

On appeal, respondent asserts that (1) she was denied the right to a fair hearing at the contempt proceeding; (2) the alleged acts which she was found not to have performed, erroneously, were not recited in the order of November 21, 1979; and (3) the record reveals that the executor did not show by a preponderance of the evidence that respondent's conduct was willful.

We disagree with respondent and affirm the trial court's order.

On June 30, 1976, Ape Lucia St. George died testate. Immédiately thereafter, respondent, one of her three surviving children, moved into decedent's unoccupied home. The executor of the estate, a petitioner herein, filed a petition for probate of the will and for letters testamentary. Complicated procedural struggles ensued. (See *Lescher v. Barker* (1978), 57 Ill. App. 3d 776, 373 N.E.2d 1007.) However, a settlement was obtained and pursuant thereto, an order was entered by the trial court on November 21, 1979, which provided, *inter alia*, that the petitioner and respondent were "to make the necessary appointments to implement the removal of only those items belonging to the estate." During prior proceedings the property of the estate had been identified.

On January 30, 1980, the petitioner filed a rule to show cause why respondent should not be held in contempt of court for her failure to

comply with the November order. After several continuances an evidentiary hearing was held on March 21, 1980, which respondent failed to attend. Her attorney explained that she was not present because "her husband was very sick, she did not want to come alone, she is afraid." After the petitioner testified, the court entered an order holding respondent in contempt, but the petitioner agreed to refrain from proceeding on an attachment order for 5 days. Apparently respondent did not appear then or subsequently. On May 13, 1980, respondent's motion to vacate the order of contempt was denied, and 15 days later, a stay bond was set.

OPINION

I

■■■ We first consider respondent's assertion that she was denied the right to a fair hearing when the trial judge found her guilty of indirect civil contempt of court. The question of whether a defendant has been guilty of contempt is a question of fact to be determined by the trial court, and its decision will not be disturbed unless it is against the manifest weight of the evidence or the record discloses an abuse of discretion. (*Daum v. Daum* (1973), 11 Ill. App. 3d 245, 296 N.E.2d 614.) In cases of indirect civil contempt a defendant is entitled to a formal hearing on the contempt charges and to all appropriate constitutional rights. *Armentrout v. Dondanville* (1979), 67 Ill. App. 3d 1021, 385 N.E.2d 829; *In re Estate of Shlensky* (1977), 49 Ill. App. 3d 885, 364 N.E.2d 430.

■■ We do not believe that respondent was denied her right to a fair hearing. The record reveals that she was given due notice of the proceeding on the rule to show cause and that her attorney appeared then and three times prior to the final hearing date to obtain continuances which were granted. The respondent had an ample opportunity to present evidence at the contempt hearing which was held 2 months after the rule to show cause was issued.

II

Next, respondent contends that there is no evidence to support a finding of contempt because the acts, which she was found to have performed, were not recited in the order of November 21, 1979, and the petitioner failed to show by a preponderance of the evidence that her conduct was willful.

Two orders were entered on November 21, 1979, and *inter alia* provided:

> "2. That the following numbered items, as appearing in the Supplemental Inventory as aforesaid, are deemed to belong to Henry Wm. Lescher, as Executor of the Estate: 2, 6, 7, 9, 20, 24
> * * *

"3. Ann Barker and Henry Wm. Lescher, shall make the necessary appointments to implement the removal of only those items belonging to the Estate."

■■ The petitioner testified that respondent refused to turn over the property of the estate after a number of requests. In addition, respondent's attorney conceded the same. Four months elapsed between the entry of the order upon which the rule is based and the evidentiary hearing. And 2 months thereafter, respondent had still not complied. Her failure to do so, being admitted, could well be considered as willful and could be punishable by imposition of punative sanction rather than a coercive one. (See *In re Grand Jury Investigation of Swan* (1981), 92 Ill. App. 3d 856, 415 N.E.2d 1354.) Considering the foregoing, we cannot conclude that the decision of the trial court is against the manifest weight of the evidence or that the record discloses an abuse of discretion.

For the above and foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.