THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.*
BERNARD MANN, Respondent-Appellant.

First District (2nd Division)   No. 82—3142

Opinion filed February 14, 1984.—Rehearing denied March 27, 1984.

Julius Lucius Echeles, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Lawrence R. Stasica, and Rhoda W. Davis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE DOWNING delivered the opinion of the court:
Respondent, Bernard Mann, an attorney, appeals from a judgment of the circuit court finding him guilty of indirect criminal contempt of

court and fining him $25. The issues on appeal are: (1) whether the evidence was insufficient to sustain the contempt judgment; (2) whether the contempt hearing denied respondent due process of law; and (3) whether the trial court abused its discretion by finding him in contempt of court.

The uncontroverted facts are that respondent was the attorney of record for the defendant in *People v. Ford,* a case pending on the traffic court call at 321 North La Salle Street in Chicago. Respondent appeared each time the case was on the court's call. After several continuances, a jury demand was made. The case was marked "final" and was scheduled for a jury trial on November 23, 1982, at 9 a.m. However, on that date, although his client was present, respondent did not appear in court until shortly after 11 a.m. and did not telephone the court to report that he would be late. The trial court thereupon issued a rule to show cause why respondent should not be held in contempt of court.

Respondent filed an answer and an affidavit wherein he averred that on November 23, 1982, he was also scheduled to appear as the defense counsel of record in another case marked "final," *People v. Shine,* in Branch 34, located at 155 West 51st Street in Chicago. Respondent stated that he appeared first in Branch 34 and then proceeded to traffic court to try the case there. But when he arrived the State had already excused the police officer and the jury. Respondent said he appeared at Branch 34 first because of the common procedure in traffic court for the prosecutors and defense counsel to confer prior to a jury trial, and he did not anticipate that the State would be ready for trial the first time the case appeared on the jury call. Respondent further asserted that he had a "deep and abiding respect" for the presiding judge and "never meant to obstruct, prevent or embarrass the due administration of justice."

On the hearing date for the contempt petition, no evidence was presented, nor did respondent request a hearing. At the hearing, the assistant State's Attorney reviewed the record and the attorney for the defendant referred to the facts set forth in his affidavit and answer. The trial court stated that it was "embarrassed" by respondent's tardiness because the prosecutor and a court reporter were present. The court found respondent "guilty of contumacious conduct," and observed that "I have notice of all those facts that took place before me." A written order was thereupon entered finding respondent guilty of indirect criminal contempt. Respondent's motion for reconsideration was denied, and he has appealed.

## I

■ Respondent's first contention on appeal is that the contempt hearing denied him due process of law. However, inasmuch as a written rule to show cause was entered by the trial court, respondent was informed of the charges against him, had an opportunity to file an answer and appeared in court for the hearing represented by counsel, the requirements of due process were satisfied. (*People v. Javaras* (1972), 51 Ill. 2d 296, 300, 281 N.E.2d 670.) Respondent's counsel was present at the hearing, participated in it and made no request for an evidentiary hearing. *Cf. Peltier v. Peltier* (1978), 120 R.I. 447, 450, 388 A.2d 22, 24.

## II

■ Respondent's second contention is that the record does not support the finding of contempt. The State argues in its brief that we should either construe respondent's failure to timely appear as a direct contempt of court which is subject to summary punishment or, in the alternative, that the trial court's finding of contempt is supported by respondent's own admission that he appeared on another case in a different court location at the time he was scheduled to appear in traffic court.

We have previously rejected the State's argument that an attorney's failure to appear in court constitutes direct contempt, since an essential part of the contumacious act occurs outside of the presence of the court and is dependent for its proof upon extrinsic evidence of some kind. Illinois courts have consistently characterized the unexplained absence of an attorney at trial as constituting possible grounds for indirect contempt which is not subject to being punished summarily. (*People v. Edwards* (1979), 69 Ill. App. 3d 626, 387 N.E.2d 969; *People v. McNeil* (1976), 42 Ill. App. 3d 1036, 356 N.E.2d 1073; *People v. Pincham* (1976), 38 Ill. App. 3d 1043, 350 N.E.2d 67.) It is to be noted there is a diversity of opinion in various other State courts as to whether such conduct constitutes a "direct" or "indirect" contempt. (See *In re Potter* (1981), 207 Neb. 769, 301 N.W.2d 560; *Chula v. Superior Court* (1962), 57 Cal. 2d 199, 368 P.2d 107, 18 Cal. Rptr. 507.) We will therefore address only the State's second contention that the record supports the contempt judgment.

■ In general, an attorney who is an officer of the court and aware of his obligation to the court may be held in contempt for failure to appear for an important hearing or trial unless adequate excuse is offered on his behalf. (*United States v. Ferm* (N.D. Ill. 1982), 547 F. Supp. 33, 34; *People v. Adam* (1973), 15 Ill. App. 3d 669, 304

N.E.2d 711.) In this case, respondent was aware of his scheduling conflict in advance of the trial date, yet he failed to take any steps to advise the court or the assistant State's Attorney of his conflict. The result was inconvenience to the trial court, his client the defendant, the assistant State's Attorney, the State's witness, the prospective jurors, each of whom were present and ready for trial but unable to proceed. The trial court found respondent's excuse for his tardiness unreasonable. The finding of guilty of contempt is a question of fact to be determined by the trial court, and its decision will not be disturbed unless it is against the manifest weight of the evidence or the record disclosed an abuse of discretion. (*In re Estate of St. George* (1981), 99 Ill. App. 3d 388, 390, 426 N.E.2d 6.) Under these circumstances, the finding of contempt was within the discretion of the trial court, and we decline to interfere with its judgment.

The judgment of the circuit court is affirmed. Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request that respondent be assessed $50 as costs for defending this appeal and incorporate it as part of the judgment.

Affirmed.

HARTMAN, P.J., and STAMOS, J., concur.