THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL POWERS, Defendant (Louis E. Olivero, Appellant).

Third District   No. 3—83—0562

Opinion filed March 9, 1984.

Louis E. Olivero, of Peru, for appellant, *pro se.*

James R. May, State's Attorney, of Princeton (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

Louis Olivero appeals from an order of the circuit court of Bureau County finding Olivero in contempt of court for refusing to proceed with a trial.

Olivero, a lawyer, was representing his client, Powers, in an arson case. Olivero filed a motion for a temporary restraining order (TRO) with the trial court in order to prevent the State from transcribing

and using certain testimony obtained in a grand jury proceeding. Olivero felt the testimony was improperly obtained and would be used by the State in preparing its case against Powers. The trial court refused to grant the TRO and set Powers' trial for August 29, 1983. Powers, through Olivero, filed an interlocutory appeal to this court.

On August 29, 1983, just prior to trial, Olivero argued to the trial court that Powers' appeal relieved the lower court of jurisdiction. The State moved to quash the appeal because Powers had no right to an interlocutory appeal in his criminal case. The trial judge observed that a trial court only loses jurisdiction when a proper appeal is filed. Since Powers' interlocutory appeal was not authorized by any law or rule, his appeal was not proper; consequently, the trial court did not lose jurisdiction. The trial judge granted the motion to quash the appeal. Yet, Olivero continued to argue the lower court had no jurisdiction over the case.

Despite the trial judge's repeated attempts to convince Olivero that his position was untenable, Olivero indicated that neither he, nor his client, would participate in the trial. The trial judge then warned Olivero that if Olivero did not start the trial, he would be held in contempt and fined $1,009 ($806 for jury fees, $153 for mileage and $50 for two bailiffs). Olivero refused to comply with the judge's request and the judge proved true to his word. This appeal followed.

■ Before examining the contempt issue, we would like to note that a review of the record of the Powers case, and the briefs of the parties, reveals no grounds to support the granting of a TRO. Moreover, we know of no authority which will allow an interlocutory appeal by Powers of the denial of the TRO in his criminal case. In order to restrict the use of the grand jury testimony, Olivero should have submitted a motion *in limine* or a motion to suppress. However, such evidentiary issues cannot be appealed by a defendant until a final disposition of his case.

In short, we find a glaring lack of authority in support of the theories which Olivero apparently believed justified his refusal to participate in Powers' trial. Nevertheless, even if the law did support Olivero's arguments, we could not and will not countenance his conduct before Judge Wampler. A lawyer's good-faith belief in the accuracy of his argument, or his ignorance of the law, or the absence of contemptuous intent, is no justification for his acts of contempt. (See *People v. Haas* (1981), 100 Ill. App. 3d 1143.) A lawyer's actions before the court speak louder than his words.

■ This is not a case of indirect criminal contempt where the attorney missed an appearance date and the trial court was unaware of

the reason for the absence. (See *People v. McNeil* (1976), 42 Ill. App. 3d 1036.) Here, we have a case of direct criminal contempt. The lawyer and judge were face to face shortly before trial. Judge Wampler explicitly instructed Olivero that if he did not participate in the trial, he would be held in contempt. Olivero deliberately chose not to respect the wishes of the court and prevented the court from holding the trial. Such an act by a lawyer can be characterized as nothing other than conduct calculated to hinder or obstruct a court in its administration of justice, or to derogate from its authority or dignity. (*People v. Haas.*) Thus, it was criminally contemptuous. We affirm the lower court's finding of contempt.

■ However, we must reduce the fine imposed by the trial judge. Our supreme court, in *County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353, held that, where the record reveals that the defendant was not afforded a jury trial, or did not waive his right to a jury, the contempt fine cannot exceed $500. The record reveals neither a jury trial nor a waiver. Consequently, we order that the fine be reduced to $500.

Affirmed in part; modified in part.

SCOTT and STOUDER, JJ., concur.